**John Lee COOK, Petitioner-Appellant,**

v.

**James A. LYNAUGH, Interim Director, Texas Dept. of Corrections, Respondent-Appellee.**

No. 85–1705.

United States Court of Appeals, Fifth Circuit.

July 7, 1987.

Mark D. Manela, c/o Weil, Gotshal & Manges, Houston, Tex., (Court appointed), for petitioner-appellant.

John Lee Cook, pro se.

C. Rex Hall, Jr., Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellee.

Before RUBIN, RANDALL and JOHNSON, Circuit Judges.

RANDALL, Circuit Judge:

John Lee Cook appeals the denial of his petition for a writ of habeas corpus. He contends that the district court should not have dismissed his petition as delayed and that the district court erred in finding that he had waived his objections to a prior conviction. He also asserts that his counsel was ineffective at his state trial. We reverse the judgment of the district court.

## I.

On July 21, 1982, a jury found Cook guilty of the felony of indecency with a child. Cook then pled no contest to a 1964 conviction for the felony of burglary with intent to commit theft, which was used against him for enhancement.[1] The jury assessed his punishment at 20 years' imprisonment. The Court of Appeals for the Eighth Supreme Judicial District of Texas affirmed Cook's conviction on August 24, 1983, and the Texas Court of Criminal Appeals denied discretionary review.

In 1982, Cook filed two unsuccessful state habeas applications based on contentions unrelated to his present claim. In 1983, he filed another state habeas application, which the state court did not consider because his direct appeal was pending. In 1984, Cook filed a joint state habeas application alleging that the 1964 conviction used for enhancement was void because he was not represented by counsel when his probation was revoked. As case support, he relied on *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). He also claimed that his counsel at the 1982 trial was ineffective because he failed to investigate the validity of Cook's 1964 conviction, and that the prosecutor used the 1964 conviction for enhancement when he should have known that it was void. The state district court held an evidentiary hearing and found that Cook was indigent

---

1. Cook pled guilty to the charge of burglary with intent to commit theft in 1963. The imposition and execution of his sentence were suspended at that time, and Cook was placed on probation for a period of five years by order of the sentencing court on September 25, 1963. Cook's probation was revoked and he was committed to confinement after a hearing held on February 20, 1964. Because, as counsel for the state assures us, Cook's conviction did not become final under Texas law until his probation was revoked in 1964, we refer herein to said conviction as the 1964 conviction.

and not represented by counsel at his parole revocation hearing in 1964. The Texas Court of Criminal Appeals denied Cook's habeas application without written order on the findings of the state district court.

Cook filed the present application for a writ of habeas corpus in federal district court. The state moved to dismiss the application as a delayed application under rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The district court granted the state's motion to dismiss, concluding that the state was prejudiced by the delay in filing because no transcript of the 1964 parole revocation hearing existed and because the district attorney who was present at the hearing had died. As an alternative basis for dismissal, the district court concluded that Cook had waived any error in the 1964 conviction by failing to challenge the conviction when it was used for enhancement. Cook appeals.

## II.

■ Cook first argues that the district court improperly dismissed his petition under rule 9(a) as delayed. The state now concedes that dismissal under rule 9(a) was improper. To prevail on a claim of delay the state must make "a particularized showing of prejudice." *Strahan v. Blackburn*, 750 F.2d 438, 441 (5th Cir.) (emphasis omitted) (quoting *McDonnell v. Estelle*, 666 F.2d 246, 251 (5th Cir.1982)), *cert. denied*, 471 U.S. 1138, 105 S.Ct. 2683, 86 L.Ed.2d 700 (1985). As the state now admits, it can claim no prejudice because the findings of fact by the state habeas court are presumed correct under 28 U.S.C. § 2254(d), *see generally Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), and the state in no way contests those findings. Because the state could not have been prejudiced, dismissal under rule 9(a) was inappropriate.

## III.

Cook next asserts that the district court erred in concluding that he waived his objections to the 1964 conviction. The state's arguments present two separate justifica-tions for the district court's ruling that Cook waived his objections. First, the state emphasizes that, at the enhancement phase of his 1982 trial, Cook pled "no contest" to the 1964 conviction when it was offered to support the enhancement count. The state asserts that Cook's plea of no contest "waive[d] all non-jurisdictional defects in the proceedings." *Johnson v. Estelle*, 704 F.2d 232, 236 (5th Cir.1983), *cert. denied*, 465 U.S. 1009, 104 S.Ct. 1006, 79 L.Ed.2d 237 (1984). Second, the state argues that Cook's failure in 1982 to object to the introduction of the 1964 conviction constituted a procedural default relied upon by the state courts in affirming Cook's enhanced sentence. Because Cook failed to demonstrate the "cause" and "prejudice" required by *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the district court did not err in finding that Cook had waived his challenge to the validity of the 1964 conviction.

Cook argues in response that, because the Texas courts reviewing his claims on direct appeal and on petition for a state writ of habeas corpus addressed the merits of his argument that the 1964 conviction was void, instead of relying upon procedural default, the considerations of comity underlying the requirements of *Wainwright v. Sykes* are inapplicable, and the federal courts may likewise address the merits of his claim. Alternatively, Cook argues that *Sykes*'s requirements are satisfied in his case and the district court erred for that reason in refusing to address the merits of his claims. The ineffectiveness of his 1982 counsel in failing to investigate whether he was represented in 1964 constitutes "cause" under the first prong of the *Sykes* test, Cook asserts. Moreover, Cook points out that the enhancement count added to his sentence ten years above and beyond the maximum sentence that can be imposed for the offense of indecency with a child. Cook argues that these incremental years of imprisonment, which could not have been imposed had his 1982 counsel investigated and asserted the invalidity of the 1964 conviction, clearly constitute "preju-

dice" under the second prong of the *Sykes* test.

### A.

For the purposes of section 2254 proceedings, "a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973). Similarly, a plea of "true" to an enhancement charge "waives subsequent challenges to the validity of the prior conviction set forth in the charge." *Long v. McCotter*, 792 F.2d 1338, 1342 (5th Cir. 1986). As noted above, Cook offered a plea of "no contest" to the 1964 conviction when it was offered for enhancement. Under Texas law, however, a plea of no contest, or *nolo contendere*, has the same legal effect in a criminal proceeding as a plea of guilty: "Such a plea before a jury admits the existence of all facts necessary to establish guilt and constitutes a waiver of the appellant's [constitutional] complaint." *Allen v. State*, 474 S.W.2d 480, 482 (Tex. Crim.App.1972); *see also* Tex.Crim.Proc. Code Ann. art. 27.02(5) (Vernon Supp.1987) ("A plea of nolo contendere, the legal effect of which shall be the same as that of a plea of guilty, except that such plea may not be used against the defendant as an admission in any [related] civil suit"). Cook's plea of "no contest" thus, at first blush, would seem to similarly waive his challenge to the validity of the 1964 conviction.

Our inquiry does not end there, however. A guilty plea is valid, and therefore acts as a waiver of prior constitutional infirmities, only if it was "voluntarily and intelligently entered." *Henderson*, 411 U.S. at 267, 93 S.Ct. at 1608. A prisoner may show that a guilty plea was not voluntarily and intelligently entered because his trial counsel rendered ineffective assistance.

If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, [397 U.S. 759,] 771 [90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970) ]. Counsel's failure to evaluate properly facts giving rise to a constitutional claim, or his failure properly to inform himself of facts that would have shown the existence of a constitutional claim, might in particular fact situations meet this standard of proof.

*Henderson*, 411 U.S. at 266–67, 93 S.Ct. at 1608. As noted, Cook alleges that the ineffective assistance of his 1982 counsel prevented him from voluntarily and intelligently entering his plea of no contest. Because, as will be seen below, the question whether Cook's 1982 counsel provided ineffective assistance is central to the determination of the *Sykes* issue, we defer our evaluation of the performance of Cook's 1982 counsel to our discussion of *Sykes* below. See *infra* Part III(B)(1). We turn, then, to examine the applicability of the *Sykes* doctrine to the instant case.

### B.

█ According to the doctrine crystallized in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), section 2254 relief is barred, even were the claim meritorious, if the petitioner or his attorney committed a violation of a state procedural rule requiring the claim to be raised at a certain time or manner or court, and as a result of the procedural default the state courts refuse to address the merits of petitioner's claim. *See, e.g., Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594. *See generally* D. Wilkes, *Federal & State Postconviction Remedies & Relief* § 8–24 (1983). A federal court may address claims otherwise barred by procedural default only if the petitioner makes "a showing of cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation." *Sykes*, 433 U.S. at 84, 97 S.Ct. at 2505.

Cook's preliminary contention is that the *Sykes* doctrine does not apply in the instant

case because the state courts did not rely upon his 1982 counsel's failure to object to the introduction of the 1964 conviction, but instead addressed the merits of the 1964 conviction's validity. In support of this contention, Cook points to the findings of fact in his favor made by the state district court after the evidentiary hearing on his 1983 joint state habeas petition. As previously noted, the Texas Court of Criminal Appeals denied his joint state habeas petition without written order or hearing based upon the findings of the district court.

To determine the basis for a state court's denial of habeas relief when the state court does not state its reasons, the federal courts look to the following considerations:

whether the state court has used procedural default in similar cases to preclude review of the claim's merits, whether the history of the case would suggest that the state court was aware of the procedural default, and whether the state court's opinions suggest reliance upon procedural grounds or a determination of the merits.

*Preston v. Maggio*, 705 F.2d 113, 116 (5th Cir.1983), *cert. denied*, 471 U.S. 1104, 105 S.Ct. 2334, 85 L.Ed.2d 850 (1985). In the absence of a contrary indication, we presume that the state court relied on procedural grounds. *Id.*

The Texas Court of Criminal Appeals in other cases has used the failure to object to proof of a prior conviction to preclude review of the merits. *Hill v. State*, 633 S.W.2d 520, 525 (Tex.Crim.App.1981); *Ex parte Sanders*, 588 S.W.2d 383, 384 (Tex. Crim.App.1979) (en banc). Moreover, both parties briefed the issue to the Court of Criminal Appeals and addressed the issue at the evidentiary hearing. More decisive are the findings that the state court issued following the evidentiary hearing. The court found that the imposition and execution of Cook's sentence were suspended at the 1963 trial, which establishes that Cook had a right to counsel at his parole revocation hearing. *See Gill v. Estelle*, 544 F.2d 1336, 1339 (5th Cir.), *cert. denied*, 431 U.S. 924, 97 S.Ct. 2199, 53 L.Ed.2d 239 (1977); see *supra* note 1. Given this finding, the only reasonable interpretation of the denial of Cook's petition by the Texas Court of Criminal Appeals is that the court invoked procedural default and did not decide the case on the merits.

■ Cook also points to language allegedly addressing the merits of his present claim in the opinion rendered on direct appeal of his conviction by the Court of Appeals for the Eighth Supreme Judicial District of Texas. A fair reading of the language in that opinion is that the Court of Appeals held that Cook's claim was barred by procedural default, but that in any event a review of the merits of his claim, based on evidence improperly attached to his appellate brief, revealed no reversible error.[2]

2. The Court of Appeals' opinion reads, in pertinent part:

Ground of Error No. One alleges that the prior burglary conviction could not properly be utilized to enhance the present prosecution. It culminated in a revocation of probation at which Appellant, an indigent, was not represented by counsel. Appellant pled no contest to the enhancement allegation. A set of known fingerprints and a penitentiary packet were introduced without objection, establishing the enhancement allegations. Appellant offered no evidence. The original judgment granting probation reflects that Appellant was present with counsel. The later judgment revoking probation, included within the penitentiary packet, makes no mention of counsel. A silent judgment is insufficient to support an allegation of deprivation of counsel. *Chancy v. State*, 614 S.W.2d 446, 447 n. 1 (Tex.Crim.App.1981); *Ex parte Swinney*, 499 S.W.2d 101 (Tex.Crim.App.1973). The exhibits attached to Appellant's brief are not properly before this Court. Even if they were, they fail to satisfy Appellant's burden on this issue. Appellant has the burden to show that he was indigent, without counsel, and did not voluntarily waive counsel. *Chancy* at 447. The presumption of regularity applies in this case as in *Chancy*. See also: *Ex parte Sanders*, 588 S.W.2d 383 (Tex.Crim.App.1979) [(failure to object to proof of a void conviction constitutes a waiver of the claimed right)]. Ground of Error No. One is overruled.

*Cook v. State*, No. 08–82–00239–CR, slip op. at 1–2 (Tex.App.—El Paso Aug. 24, 1983, pet. ref'd) (unpublished opinion). Even if we were to conclude that procedural default was not established by the Court of Appeals' notation that Cook failed to object to the admission of the 1964 conviction, that he pled no contest to such conviction, and that the contemporaneous objection rule of *Ex parte Sanders* was applicable

The rule in this circuit is that, when a state court bases its decision upon the alternative grounds of procedural default and a rejection of the merits, a federal court must, in the absence of good "cause" and "prejudice," deny habeas relief because of the procedural default. *Ratcliff v. Estelle,* 597 F.2d 474, 475–76 (5th Cir.), *cert. denied,* 444 U.S. 868, 100 S.Ct. 143, 62 L.Ed.2d 93 (1979); *see also Davis v. Allsbrooks,* 778 F.2d 168, 175 (4th Cir.1985) (similar rule); *Shepard v. Foltz,* 771 F.2d 962, 965 (6th Cir.1985) (same); *Dobbert v. Strickland,* 718 F.2d 1518, 1524–25 (11th Cir.1983), *cert. denied,* 468 U.S. 1220, 104 S.Ct. 3591, 82 L.Ed.2d 887 (1984) (same); *Phillips v. Smith,* 717 F.2d 44, 48 (2d Cir. 1983) (same), *cert. denied,* 465 U.S. 1027, 104 S.Ct. 1287, 79 L.Ed.2d 689 (1984); *United States ex rel. Veal v. DeRobertis,* 693 F.2d 642, 650 (7th Cir.1982) (same); *United States ex rel. Caruso v. Zelinsky,* 689 F.2d 435, 440 (3d Cir.1982) (same). *But see Bradford v. Stone,* 594 F.2d 1294, 1296 n. 2 (9th Cir.1979); *but cf. Lussier v. Gunter,* 552 F.2d 385, 388 (1st Cir.), *cert. denied,* 434 U.S. 854, 98 S.Ct. 171, 54 L.Ed.2d 124 (1977); D. Wilkes, *supra* § 8–24 at 166 (criticizing majority rule). Cook's section 2254 petition is thus subject to the *Sykes* rule, and we therefore address the question whether Cook has made an adequate showing of "cause" and "prejudice."

### 1.

■ The court below based its decision that Cook had failed to demonstrate

"cause" under the *Sykes* standard on two alternative grounds. First, the district court seemed to interpret our decision in *Marks v. Estelle,* 691 F.2d 730 (5th Cir. 1982), *cert. denied,* 462 U.S. 1121, 103 S.Ct. 3090, 77 L.Ed.2d 1351 (1983), as foreclosing, as a matter of law, the assertion of ineffective assistance of counsel as a *Sykes* "cause" for failure to object. Second, the court found that "[i]n any event, [it was] unable to conclude that the actions of counsel as alleged here rise to the level of ineffective assistance of counsel." *Cook v. McCotter,* No. MO–85–CA–048, slip op. at 11–12 (W.D.Tex. Oct. 17, 1985).

The district court decided Cook's petition without the benefit of the Supreme Court's recent decision in *Murray v. Carrier,* which held, *inter alia,* that "[i]neffective assistance of counsel, then, is cause for a procedural default." 477 U.S. 478, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986). If the petitioner can establish that his counsel's default resulted from assistance so ineffective as to violate the sixth amendment, he has made the requisite showing of cause for the procedural default under *Sykes. Id.* 106 S.Ct. at 2645–46. Thus, the district court erred in interpreting *Marks* as completely foreclosing the assertion of ineffective assistance as *Sykes* "cause"—a proposition for which *Marks* does not stand in any case.[3] We therefore turn to the district court's finding that Cook's 1982 counsel did not render ineffective assistance in violation of the sixth amendment.

to the facts *sub judice,* we would still be confronted with significant concerns of comity similar to those addressed in *Sykes*: to wit, what is the appropriate role of the federal court when an intermediate state court has addressed petitioner's constitutional claim but the highest state court has issued a ruling that can only be interpreted as based upon procedural default? Because we hold *infra* that Cook has satisfied the "cause" and "prejudice" requirements of *Sykes,* we would not be required to decide that difficult question in the instant case at any rate.

**3.** The *Marks* court, as noted by the court below, relied upon language from another decision of this court that, at first blush, seems to foreclose absolutely the assertion of ineffective assistance as a *Sykes* "cause": " '[t]his assertion ... would effectively eliminate any requirement of showing cause at all. If a petitioner could not dem-

onstrate any legitimate cause, he would only have to raise the spectre of ineffective assistance of counsel to get his challenge heard. This we refuse to sanction.' " *Marks,* 691 F.2d at 735 (quoting *Lumpkin v. Ricketts,* 551 F.2d 680, 683 (5th Cir.), *cert. denied,* 434 U.S. 957, 98 S.Ct. 485, 54 L.Ed.2d 316 (1977)). A studied reading of *Marks* and *Lumpkin* demonstrates, however, that this language was intended to reject the argument, later put to rest by the Court in *Carrier,* 106 S.Ct. at 2645, that *Sykes* "cause" may be established by a lesser showing of ineffective assistance than that required by the sixth amendment. Both *Marks* and *Lumpkin* went on to address the question whether constitutionally ineffective assistance had been rendered. *See Marks,* 691 F.2d at 735; *Lumpkin,* 551 F.2d at 632.

■ ·According to the Supreme Court's seminal decision in *Strickland v. Washington,* a defendant claiming ineffective assistance has the burden of demonstrating (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). "In order to satisfy the first prong of the test, the petitioner must show that counsel's actions fell beneath an objective standard of reasonable professional assistance. The second prong is satisfied by a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bates v. Blackburn,* 805 F.2d 569, 577–78 (5th Cir.1986). The standard used to determine whether unconstitutionally ineffective counsel has been rendered is the same standard as that used to determine whether a guilty plea is void because it was based on inadequate legal advice. *See Hill v. Lockhart,* 474 U.S. 52, ——, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985) (*Washington*'s "two-part standard seems to us applicable to ineffective assistance claims arising out of the plea process."). We therefore consider the voluntariness and intelligence of Cook's guilty plea at the same time that we evaluate whether counsel's performance was so inadequate as to constitute cause under *Sykes.*

The state correctly notes that the Constitution imposes no general, per se duty on counsel to investigate whether a defendant's prior convictions were counseled. *See, e.g., Marks,* 691 F.2d at 735. As *Washington* instructs, "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." 466 U.S. at 688–89, 104 S.Ct. at 2065. Instead, the reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690, 104 S.Ct. at 2066. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.* at 691, 104 S.Ct. at 2066.

In the instant case, however, we have before us no "decision not to investigate" to assess. At the evidentiary hearing on Cook's joint state habeas petition, Cook's 1982 counsel forthrightly testified that it never "struck his mind" to investigate whether Cook's 1964 conviction was assisted by counsel. Thus, rather than determine whether a strategic choice not to investigate the 1964 conviction " 'might be considered sound trial strategy,' " *id.* at 689, 104 S.Ct. at 2065 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)), the focus of our inquiry must be simply whether the facts of this case indicate that counsel's failure to investigate was "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970).

We find that the facts of this case would have alerted a reasonably competent attorney to the need to investigate whether Cook's 1964 conviction was counseled. Three factors are crucial to this determination. First, the "pen packet," a dossier containing important documents relevant to a criminal conviction, sent to Cook's attorney in advance of trial included a trial memo of the 1964 conviction. The trial memo is a form with blank spaces designated for the cause number, the defendant's name, the name of defense counsel, the charge, the district attorney's number, the trial date, the recommended sentence, and the witnesses to be called at the hearing. The 1964 trial memo was completely filled out, except that there was no indication that Cook had been represented by counsel. Second, the date of the conviction used for enhancement and the fact that it was entered at a probation revocation hearing are important to our decision. In 1964, it was clearly established under Texas law that an indigent defendant had no right to counsel at a parole revocation hearing. *See Ex parte Crawford,* 379 S.W.2d 663, 663 (Tex.

Crim.App.1964) ("appellant ... was not entitled to an appointed counsel during the proceedings to revoke his probation."). With this knowledge in mind, a reasonably competent attorney in 1982 would recognize that the blank space left for the defense attorney's name on the trial memo indicated a strong possibility that Cook was not represented by counsel at the 1964 probation revocation hearing. A third factor informing our decision is the facility of the inquiry necessary to investigate whether Cook had been represented in 1964. All Cook's 1982 counsel had to do to determine the merit of such an objection was to ask his client a simple question, "were you represented?" On the facts of this case we conclude that a reasonably competent attorney would have investigated whether Cook was represented in 1964. We therefore hold, as a matter of law, that the performance of Cook's 1982 counsel was constitutionally deficient.

The state contends that our decision in *Marks* controls the facts of the instant appeal and commands a different result. We find *Marks* to be clearly distinguishable. Unlike the instant case, in *Marks* no objective indicia were present that indicated that the earlier convictions were uncounseled. *Johnson v. Cabana*, also cited by the state, is equally inapposite. 805 F.2d 579 (5th Cir.1986). In *Johnson*, not only were there no objective indicia indicating a need for investigation, the defendant also misinformed his counsel and thereby led him reasonably to believe that there was no such need. *See id.* at 581. Because these cases are inapposite to the peculiar facts *sub judice*, we persist in our holding that Cook's 1982 counsel rendered deficient assistance. We now turn to the question whether Cook has demonstrated the "prejudice" required by both the *Washington* and the *Sykes* standards.

### 2.

■ We find that Cook has unquestionably shown that he was prejudiced by his 1982 counsel's failure to investigate whether the 1964 conviction was counseled. The state district court found that Cook was not represented by counsel at the 1964 parole revocation hearing, that he was indigent at that time, and that he did not know that he had a right to counsel at that hearing and did not knowingly waive his right to have counsel appointed to represent him. These findings establish that the 1964 conviction was void. *See Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). Thus, had Cook's 1982 counsel objected to the use of the 1964 conviction to support the enhancement count, the state would have had no basis for enhancing Cook's sentence, since Cook had no other prior convictions. Cook's present sentence would have been reduced by half. As Cook points out on appeal, had his counsel not opened his mouth once during the proceeding except to object to the use of the 1964 conviction, his sentence would nonetheless have been a sentence of ten years instead of twenty. Cook has satisfied the "prejudice" requirements of both *Washington* and *Sykes*. Cf. *Hill v. Lockhart*, 474 U.S. 52, ——, 106 S.Ct. 366, 371, 88 L.Ed.2d 203 (1985) ("where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.").

In summary, Cook has demonstrated that, because of the constitutionally ineffective assistance of his counsel, his *nolo contendere* plea to the enhancement count was not voluntarily and intelligently entered, his failure to object to the validity of the 1964 conviction is excused by cause, and his counsel's failure to investigate such validity has resulted in prejudice. The district court therefore erred in refusing to reach the merits of Cook's claims.

### IV.

The judgment of the district court is REVERSED and this case is REMANDED to the district court for further proceedings not inconsistent with this opinion.