**Billy Gerald ELLIS, Petitioner–Appellant,**

v.

**James A. LYNAUGH, Director, Texas Department of Corrections, Respondent–Appellee.**

No. 88–1147.

United States Court of Appeals, Fifth Circuit.

Sept. 15, 1989.

Rehearing Denied Oct. 18, 1989.

Beth D. Bradley and Richard S. Geiger, court appointed, Dallas, Tex., for petitioner-appellant.

David B. Fannin, Asst. Atty. Gen. and Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellee.

Before GARZA, REAVLEY and POLITZ, Circuit Judges.

GARZA, Circuit Judge:

Billy Gerald Ellis ("Ellis") was convicted by a jury of first-degree felony burglary of a habitation, in January of 1983. At the punishment phase of trial, Ellis pled "true" to two prior felony convictions alleged for enhancement, and his punishment was assessed at life imprisonment in the Texas Department of Corrections. Alleging that one of the prior felony convictions is constitutionally infirm, and that his plea of "true" was involuntary and the result of ineffective assistance of counsel, Ellis applied for federal habeas corpus relief. That relief was denied, and Ellis now appeals the denial. We affirm the judgment of the trial court.

On December 2, 1974, Ellis was indicted for aggravated robbery, a first-degree felony, by a grand jury in Dallas, Texas. Pursuant to a plea bargain agreement, Ellis pleaded guilty in exchange for the state's recommendation of a five year term of imprisonment. For reasons unknown, the judicial confession, signed by Ellis, his attorney, the assistant district attorney and the judge, alleged only the elements of simple robbery, second-degree felony.[1]

---

1. The magistrate's findings of fact, adopted in full by the district court, stated that "it is a matter of sheer speculation as to why an appropriate form was not used."

The state assessed punishment, pursuant to the negotiated plea agreement, at five years and formally entered a judgment of guilty of aggravated robbery, a first-degree felony.[2] Ellis served his sentence, and was finally discharged.

In September, 1981, Ellis was indicted for burglary of a habitation, and the indictment alleged two prior felony convictions for enhancement, among them the 1975 conviction for aggravated robbery. He was convicted by a jury, and pled "true" to the two prior convictions. As a result of this enhancement, he was given a mandatory life sentence. The Fifth Court of Appeals for Dallas, Texas affirmed his conviction. The Texas Court of Criminal Appeals refused his petition for discretionary review.

Ellis then filed, among other challenges, a petition for writ of habeas corpus in the Northern District of Texas, which action was consolidated with the petition concerning the constitutionality of his 1975 conviction. A magistrate conducted an evidentiary hearing on the petition and issued findings and conclusions adopted by the district court, which denied the petition for writ. This appeal followed.

*Validity of Plea of "True"*

Ellis contends that his plea of "true" to the two prior felony convictions was invalid and therefore should not constitute a basis for his enhanced, mandatory life sentence. He claims that he was denied effective assistance of counsel, and that the plea was not voluntarily and knowingly made.

1. *Effective Assistance of Counsel*

◼ Ellis claims that, throughout the trial and enhancement stages of his burglary proceedings, his court appointed counsel, Jerry Birdwell, ineffectively and inadequately represented him by failing to investigate defenses, prepare for trial, and fully inform Ellis of the full import of his plea of "true." Further, Ellis claims Birdwell failed to review the "pen packet" of documents relating to Ellis' 1975 robbery convictions, and therefore failed to notice the irregularities in the confession.[3] But Ellis' claim must fail.

In *Joseph v. Butler*, 838 F.2d 786, 791 (5th Cir.1988), we held that the two-prong test for ineffective assistance of counsel, set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applied to challenges to a "true" plea. The test requires first "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that the defendant was deprived of a fair and reliable trial. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. The second prong requires that a defendant such as Ellis demonstrate a "reasonable probability that, but for counsel's errors, he would not have admitted his prior convictions and would have demanded a trial on the [enhancement] charge." *Joseph*, 838 F.2d at 791.

Birdwell conceded he was unprepared at the time of trial, and indeed moved for a continuance to allow himself more time to prepare for the case. This fact, and Ellis' other unsupported allegations of ineffective assistance, which were rejected by the magistrate, do not meet the first prong of the *Strickland* test. But even if they did meet that test, Ellis has wholly failed to meet the second prong, the causal link. Ellis has failed to show that, "but for" Birdwell's errors, he would not have admitted his prior convictions and would have demanded a trial on enhancement. Further, even if Birdwell *had* objected to the 1975 conviction and put the state to its proof on the issue, Ellis was not entitled to challenge the 1975 conviction then, collaterally, but could only do so on direct appeal

---

2. Ellis now claims that the state had agreed to recommend a three-year sentence if he pled guilty to simple robbery, but the state later broke that agreement. The Magistrate found that Ellis' claim "is false and is rejected as being uncredible."

3. The Magistrate's findings disagree with Ellis, and hold instead that Birdwell personally reviewed the files of the 1975 conviction and found no deficiencies which would preclude their use for enhancement.

as to sufficiency of evidence. *Ex parte Williams*, 703 S.W.2d 674 (Tex.Crim.App. 1986).[4] Ellis' claim of ineffective assistance of counsel must, therefore, fail. We affirm the judgment of the district court in this regard.

### 2. *Voluntariness of Plea*

■ Ellis also complains now that his plea of "true" was not knowingly or voluntarily made because he was not informed of his right to contest his prior convictions, or of the consequences of his plea. We, in reviewing his claim, must look at the "totality of the circumstances." *Joseph*, 838 F.2d at 789.

The magistrate found, explicitly, that the plea was made "knowingly and understandingly," and found that Birdwell had, in fact, advised Ellis of his right to plead "true" or "untrue," as well as the consequences of each plea. Because these findings are supported by the record and not clearly erroneous, we affirm the lower court's finding and reject Ellis' claim that his plea was not voluntarily given.

### *Guilty Plea in 1975 Conviction*

■ Ellis complains that his 1975 conviction is invalid because it was based on a broken plea agreement, and therefore his guilty plea constituted an unknowing and involuntary waiver of his rights. For that reason, Ellis claims, that conviction cannot serve to enhance his present conviction to a mandatory life sentence. As stated earlier, Ellis signed a judicial confession of second-degree simple robbery, but was actually subjected to a judgment of first-degree aggravated robbery. Also, it is a matter of "sheer speculation" why an appropriate confession form was not used. The magistrate's findings dismiss as "uncredible" Ellis' contentions that he pled guilty pursuant to a later-broken plea bargain, and that he was arraigned and admonished on a second-degree felony only.[5]

Whatever the reason for the discrepancy, Ellis simply cannot now challenge, collaterally, that conviction. By pleading "true" to the enhancement charges, Ellis "waived any complaints he may have had concerning the former offense which were set out in the enhancement charge. On the other hand, had the plea been not guilty, it would have put in issue all matters going to the validity of the prior convictions...." *Zales v. Henderson*, 433 F.2d 20, 24 (5th Cir.1970). *See also, Long v. McCotter*, 792 F.2d 1338, 1344 (5th Cir.1986). Because Ellis pled "true" to the 1975 conviction, he cannot now attack its validity. And, as discussed earlier, that plea of "true" was knowing and voluntary.

Though the validity of the 1975 conviction is now immune from attack, the discrepancy between the confession and the judgment is still troubling. For Ellis confessed only to a second-degree felony, simple robbery, but was sentenced for a first-degree felony, aggravated robbery. Also, Ellis' counsel during the 1975 proceedings, Paul Rothermel, wrote a letter to Ellis following the conviction and referred to a possible two-year sentence. At that time, the statutory minimum sentence for a first-degree felony charge of aggravated robbery was five years. Ellis has already discharged his sentence for the 1975 conviction, so there is no relief to give him if the court there simply erred in entering judgment for first-degree robbery after a confession to second-degree robbery. Rather, we are looking at the conviction strictly for enhancement purposes. And, even if the 1975 court had entered a judgment conforming to Ellis' confession, he

---

**4.** A defendant may collaterally attack, in a habeas proceeding, a conviction that is based on *no* evidence. *Ex parte Moffett*, 542 S.W.2d 184 (Tex.Crim.App.1976). Ellis claims that the 1975 conviction was supported by no evidence, as his signed judicial confession was not knowingly and voluntarily given. As discussed later, we reject his claim and find that the confession constitutes at least some evidence.

**5.** Ellis failed to substantiate his claim of breached plea agreement sufficiently to win habeas relief. To prevail, he would have had to prove: 1) the exact terms of the alleged promises; 2) exactly when, where and by whom the promises were made; and 3) the precise identity of an eyewitness to the promise. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1251 (5th Cir.), *cert. denied*, 476 U.S. 1143, 106 S.Ct. 2253, 90 L.Ed.2d 699 (1986).

still would have been guilty of a felony, and therefore subject to life imprisonment by enhancement. Ellis' sentence has not been enhanced simply by an error in paperwork; rather, regardless of the paperwork, he pled guilty to a felony which itself could serve as enhancement.

*Procedural Bar*

■ Ellis insists that his challenge to the use of his 1975 conviction is not here barred by the procedural default doctrine. We disagree. If a defendant fails to comply with a state procedural rule requiring an objection to reserve error, and as a consequence of this default the state courts would refuse to address the merits of the claim, that refusal is an "independent and adequate state procedural ground" and forecloses federal habeas review. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977); *Cook v. Lynaugh*, 821 F.2d 1072, 1075 (5th Cir. 1987). Because Ellis did not attack the sufficiency of evidence in his 1975 conviction on direct appeal, and the Texas Court of Criminal Appeals applied the procedural bar to refuse a challenge in a state habeas proceeding, the procedural default doctrine now bars review of the sufficiency of evidence by federal courts absent a showing of "cause" and "prejudice." *Cook*, 821 F.2d at 1075.

Ellis argues that ineffective assistance of counsel was the "cause" of his noncompliance with the state procedural mandates, and that his mandatory life sentence is the requisite "prejudice." While ineffective assistance of counsel can constitute "cause" under the *Sykes* standard, to do so, counsel's performance must be so deficient as to constitute a violation of the defendant's Sixth Amendment right to counsel. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *Cook*, 821 F.2d at 1077. Because we found, as stated earlier, that Ellis' counsel effectively represented him according to the *Strickland* standard, we find that Ellis has failed to show "cause" for his procedural default. We therefore decline to address the issue of "prejudice," and find that Ellis is proce-

durally barred from raising a challenge to his true plea.

For the reasons stated above, we AFFIRM the decision of the district court.