IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10876
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ANTONIO GOMEZ-LUNA,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-20-1-P
- - - - - - - - - -
June 14, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Antonio Gomez-Luna (Gomez) appeals from his conviction and
sentence for illegal reentry into the United States following
deportation.  *See* 8 U.S.C. § 1326.  He argues that his underlying
state conviction for burglary of a habitation should not have
qualified as an aggravated felony, because the evidence did not
support a burglary conviction.  Gomez further argues that because
the state felony conviction was invalid and violated due process,
the deportation order that served as an element of the offense of
illegal reentry also was invalid.  For the first time on appeal,

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Gomez argues that the district court should have considered recent amendments to the Legal Immigration Family Equity Act (LIFE Act), which would have rendered inapplicable the sentence enhancement for being an aggravated felon.

Gomez waived the right to appeal his sentence. Waivers of the right to appeal are valid and enforceable. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Moreover, Gomez may not attack collaterally a state court conviction that was used in a federal sentencing procedure. *See Custis v. United States*, 511 U.S. 485, 493-97 (1994) (defendant has no right to collaterally attack prior convictions used for enhancement purposes). Gomez pleaded guilty to the underlying state burglary conviction. By doing so, he admitted to the existence of all facts necessary to establish guilt. *See Cook v. Lynaugh*, 821 F.2d 1072, 1075 (5th Cir. 1987). Gomez fails to explain how a challenge to the sufficiency of a state court conviction, for which he pleaded guilty, satisfies the requirements for establishing a violation of due process during a deportation proceeding. *See United States v. Benitez-Villafuerte*, 186 F.3d 651, 658 (5th Cir. 1999), *cert. denied*, 120 S. Ct. 838 (2000).

Likewise, Gomez fails to demonstrate how the LIFE Act amendments apply to his case. An alien convicted of a felony or three or more misdemeanors committed in the United States is not eligible under the LIFE Act's amendments. *See* LIFE Act, § 1104(c), Pub. L. No. 106-553, 114 Stat. 2762 (2000). The record reveals that Gomez has been convicted of one felony and four misdemeanors committed in the United States. The issues

raised by Gomez on appeal are frivolous.  Accordingly, his appeal is DISMISSED.