United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41728
Summary Calendar

FRED FRANKLIN ALEXANDER,

Plaintiff-Appellant,

versus

SHERRI L. MILLIGAN; ROBERT HERERRA; SUSAN L. SCHUMACHER,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:05-CV-203
--------------------

Before REAVLEY, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Fred Franklin Alexander, Texas prisoner # 632874, appeals
the district court's dismissal of his 42 U.S.C. § 1983 suit
pursuant to 28 U.S.C. § 1915A(b)(1). We review the district
court's dismissal of his suit de novo.

Alexander is correct that the district court erred in
finding that he did not timely file objections to the magistrate
judge's report. Moreover, because the objections were filed
within 10 days of the final judgment, the objections should have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

been construed by the district court as a FED. R. CIV. P. 59(e) motion. See Mangieri v. Clifton, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994); United States v. Gallardo, 915 F.2d 149, 150 n.2 (5th Cir. 1990). Because Alexander's appeal is frivolous, we pretermit the jurisdictional issue presented by the failure of the district court to rule on the Rule 59(e) motion. See FED. R. APP. P. 4(a)(4)(A)(iv); Burt v. Ware, 14 F.3d 256, 260-61 (5th Cir. 1994); United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000).

Alexander has not challenged the district court's findings that he failed to state a claim of an unconstitutional denial of property and that he failed to state a claim of retaliation. These claims have been abandoned. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Alexander's allegations of perjury, conspiracy, and court bias are conclusory and unsupported. See Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986). Moreover, his assertions of perjury do not indicate any reversible error by the district court because the district court's dismissal of his complaint relied neither on the testimony of Officer Satterwhite and Warden Pratt nor on a finding that the defendants properly followed prison policy in disposing of Alexander's legal materials.

With respect to Alexander's claim of the denial of access to courts, he has not shown that he will suffer actual injury in any legal proceeding based upon the destruction of a probable cause

statement relating to a 1980 conviction for burglary that was used to enhance his current sentence. See Lewis v. Casey, 518 U.S. 343, 351-52, 355 (1996). By pleading true to the enhancement, Alexander waived his challenge to the 1980 conviction. Cook v. Lynaugh, 821 F.2d 1072, 1075 (5th Cir. 1987).

Even assuming Alexander could collaterally challenge his 1992 conviction, more than 15 years after his sentence was imposed, and that his habeas petition would not otherwise be procedurally barred, he cannot show that he would suffer any actual injury during a legal proceeding because of the now-destroyed probable cause statement. The probable cause statement allegedly provided that he committed the offense of burglary on March 10, 1980. Alexander can demonstrate via documents that are already in his possession that there was some confusion or error regarding the date his burglary offense was committed. As Alexander concedes, however, the Texas Court of Criminal Appeals has determined that the burglary offense occurred on March 9, 1980. See Ex parte Alexander, 685 S.W.2d at 59. Moreover, according to Alexander, the probable cause statement indicated that he committed the offense of burglary. Thus, the probable cause statement tended to prove, not disprove, that he committed the offense of burglary.

Alexander's appeal is frivolous and is dismissed. See See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R.

42.2.  The district court's dismissal of his § 1983 suit pursuant to § 1915A and this court's dismissal of this appeal as frivolous each count as "strikes" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Alexander has previously been issued two strikes.  See Alexander v. Masters, No. 99-21085 (5th Cir. Apr. 14, 2000).  As Alexander has at least three strikes under § 1915(g), he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996); § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.