Donald Gene FRANKLIN,
Petitioner-Appellant,

v.

James A. LYNAUGH, Interim Director, Texas Department of Corrections, Respondent-Appellee.

Nos. 86–2538, 86–2883.

United States Court of Appeals, Fifth Circuit.

July 30, 1987.

See also, 106 S.Ct. 1238.

Mark Steven, Allen Cazier, George Scharmen, San Antonio, Tex., for petitioner-appellant.

William C. Zapalac, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEE, RANDALL, and DAVIS, Circuit Judges.

PER CURIAM:

There is small occasion for us to rehearse the sickening facts of this murder, one in which an innocent victim who stepped into the wrong place at the wrong time was stabbed, raped and left to bleed to death for five days in the July sun of Texas. These are set forth at length in the various opinions on direct appeal, *e.g.*, 606 S.W.2d 818 (Tex.Crim.App.1979). Nor need much be said on the law, it having developed and set against petitioner's contentions over the course of the twelve years since his crime. We affirm the trial court's judgment denying habeas relief on the basis of that court's opinions, adding a few observations chiefly based on events occurring since that court ruled.

Of petitioner's points, the most nearly meritorious is that complaining of an improper reference to petitioner's post-arrest silence after he had received *Miranda* warnings. Since the handing down of *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), comments by the prosecutor on the post-arrest silence of a defendant after the administration of *Miranda* warnings have been taboo. The Supreme Court has now held, however, that such a question as the prosecutor asked in this case does not require a grant of habeas relief where no *use* of the fact of petitioner's silence is permitted by the court. *Greer v. Miller*, —— U.S. ——, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987). Here there was none; a sustained objection and an instruction to disregard followed hard on the improper question. It was never heard of again. *Greer* is on all fours; it controls.

The next most troubling was a statistics-based claim that the Texas murder statute is applied in a discriminatory way against blacks who murder whites. Petitioner's claims in this respect have been resolved against him by the Court's opinion in *McCleskey v. Kemp*, —— U.S. ——, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987).

Finally, we were concerned by petitioner's contention that the wording of the trial court's charge was such as to have permitted the jury to have convicted petitioner of capital murder for a killing committed in the course of a felony, when some jurors may have believed that the felony was robbery, while others thought it kidnapping.[1] While, on the words of the court's charge standing alone, this may seem a realistic objection, when the record is consulted, it is not. On the evidence, there was little serious dispute that whoever attacked the victim both robbed and kidnapped her. Petitioner's defense disputed these matters only pro forma; his major claim was that he was not the perpetrator of the crime, that his indictment was the result of mistaken identity. The evidence supporting the commission of both felonies was crushing, unanswerable; the only question was, who did them? In these circumstances, the claim that some jurors

---

1. The portion of the charge in question authorized conviction on a finding of murder "... in the course of committing and attempting to commit the offense of robbery *or* kidnapping (emphasis supplied).

may have thought Franklin only a kidnapper while others thought him only a robber lacks any substance whatever, despite its abstract plausibility. The jury faced only one real question: whoever did this thing did both robbery and kidnapping, but was it Franklin?

The jury found that it was. For whatever it adds, we agree. The stay of execution earlier granted is VACATED, and judgment is AFFIRMED.