Warren Eugene BRIDGE,
Petitioner-Appellant,

v.

James A. LYNAUGH, Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 88–2855.

United States Court of Appeals,
Fifth Circuit.

Sept. 14, 1988.

Rehearing and Rehearing En Banc
Denied Nov. 1, 1988.*

* Opinion on Rehearing, 860 F.2d 162.

Anthony P. Griffin, Galveston, Tex., for petitioner-appellant.

Jim Mattox, Atty. Gen., William C. Zapalac, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before POLITZ, WILLIAMS and JONES, Circuit Judges.

PER CURIAM:

Warren Bridge is scheduled to be executed after midnight on September 15, 1988. On September 8 he moved in state district court for post conviction relief, 28 U.S.C. § 2254, and a stay of execution. Mr. Bridge in his habeas corpus petition basically argues that the law under which he was sentenced to death, Tex.Crim.Proc. Code Ann. Art. 37.071, (Vernon 1981), violates the Eighth and Fourteenth Amendments because it allows a Texas jury no mechanism for considering individual mitigating circumstances during the punishment phase of a capital murder trial. Bridge's current petition for habeas corpus has been denied in the state courts and the United States District Court. The District Court refused to grant a certificate of probable cause to appeal.

I. *Procedural Default at State Court*

The State argues that this habeas corpus appeal is now procedurally barred, because the objection raised was not made by Bridge's counsel during his trial. Certainly that argument is correct under Texas state law—*see Ex parte Williams*, Application No. 15,826–05 (Tex.Crim.App. 1988); *Ex parte Streetman*, Application No. 15,682,02 (Tex.Crim.App.1988). There are two reasons why we do not accept the procedural bar in this case. The first is that the state courts used the procedural bar only as an alternative justification for the denial of habeas corpus. The courts also evaluated the merits of the claim. Thus, there is ample authority justifying a denial of controlling weight to the

procedural bar when the state courts themselves, while referring to the bar, also consider and decide the habeas corpus case on the merits of the claims made. *Miller v. Estelle,* 677 F.2d 1080, 1084 (5th Cir.1982), *cert. denied,* 459 U.S. 1072, 103 S.Ct. 494, 74 L.Ed.2d 636.

The second reason not to accept the procedural bar in this case is that the issue of mitigation under the Texas statute seemed to have been settled favorably to the state in the case upholding the constitutionality of the Texas capital punishment statute. *Jurek v. Texas,* 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976). But the issue of the constitutionality of the Texas plan was revived by the Supreme Court grant of certiorari in *Franklin v. Lynaugh, cert. granted,* —— U.S. ——, 108 S.Ct. 221, 98 L.Ed.2d 180 (1987), *aff'd in* —— U.S. ——, 108 S.Ct. 2320, 101 L.Ed.2d 155 (1988) and *Penry v. Lynaugh,* 832 F.2d 915 (5th Cir. 1987), *cert. granted,* —— U.S. ——, 108 S.Ct. 2896, 101 L.Ed.2d 930 (1988). To deny Bridge the right to raise this revived issue in this capital case would be highly prejudicial. *Wainwright v. Sykes,* 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977).

This case, therefore, falls within the established exception to the procedural bar through the failure of the state courts to rely fully upon it and by the extreme prejudice resulting from a later revival of what was considered to be a settled question. Thus, we can decide this appeal on the merits of the motion for a certificate of probable cause to appeal the denial by the Federal District Court of his petition for habeas corpus.

## II. *The Merits of the Claim*

 Under the Texas Code of Criminal Procedure, after finding Bridge guilty of murder, the court presented in aggravation two special issues to the jury in the sentencing portion of his capital murder trial:

(1) whether the conduct of the defendant that caused the death of the deceased was committed deliberately and with the reasonable expectation that the death of the deceased or another would result;

(2) whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society.

Tex.Crim.Proc.Code Ann., Art. 37.071(b) (Vernon, 1981). The jury answered both questions affirmatively, which, under the law compelled the court to sentence the defendant to death. There is also a third question under the statutory scheme which is not at issue in this case. It concerns provocation by the victim. Bridge argues that the Texas method of presenting aggravating circumstances to the jury which results in death sentences is unconstitutional under the Eighth and Fourteenth Amendments. The assertion is that it does not allow the jury adequately to consider potential mitigating circumstances.

The recent Supreme Court case of *Franklin v. Lynaugh,* —— U.S. ——, 108 S.Ct. 2320, 101 L.Ed.2d 155 (1988) deals with these issues under the Texas law. The four justice plurality opinion by Justice White pointed out that the Texas procedure does not bar the defendant from presenting all possible mitigating circumstances. The state law simply directs the juror's consideration of mitigating circumstances into two inquiries: whether the defendant's actions were deliberate and whether he personally would constitute a continuing threat to society. In the *Franklin* case, the only mitigating circumstance offered was that the defendant's prison record from 1971–1974 (under a prior conviction and sentence) and from 1976–1980 (after arrest for the present offense) were without incident. The concurring opinion of Justice O'Connor joined by Justice Blackmun agreed that the "continuing threat" question allowed the jury adequate room to consider the defendant's previous prison record.

This case is somewhat more complex than *Franklin* because the defendant offered more alleged mitigating circumstances at trial, including the following:

1. That no physical evidence linked him to the murder, but that his accomplice may have actually shot and killed the victim.

2. That he was intoxicated at the time of the crime.

3. That he had not been connected with any violent crime before this incident.

4. That he was immature and young (19 years old) at the time of his offense.

5. That he is easily led by others.

The first two factors could adequately be considered under the rubric of the first special question concerning whether the crime was deliberate. Both the first and second assertions actually amounted to no more than a reopening of the issue of guilt. But in any event they were clearly covered by the first issue. The remaining three mitigating circumstances properly could be considered by the jury under the "future dangerousness" question submitted to the jury. They are far less formidable mitigation than Bridge would have had the jury believe. Thus, while he urged he had no record of participation in violent crimes, he had in fact been convicted of three prior burglaries and had escaped from custody in Georgia. As to youth and immaturity, he was a 19 year old adult at the time the murder was committed. The final assertion, that he is easily led, is the kind of vague and general assertion that any jury could accept or reject as it felt inclined to do.

As pointed out by Justice White in the *Franklin* opinion, there are two lines of cases in the Supreme Court's death penalty jurisprudence which seem to be in contention with each other—*Lockett v. Ohio*, 438 U.S. 586, 604–08, 98 S.Ct. 2954, 2964–67, 57 L.Ed.2d 973 (1978), and *Eddings v. Oklahoma*, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982) which require that the juries be allowed discretion during sentencing to consider individual mitigating circumstances and *Greg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); *Jurek v. Texas*, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976); and *Proffitt v. Florida*, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976), which require a limitation on juror discretion so that the death penalty not be imposed arbitrarily. Justice White notes that the Court has upheld the Texas capital sentencing system "precisely" because "its method for providing for the consideration of mitigating evidence ... accommodates *both* of these concerns." *Franklin* 108 S.Ct. at 2331.

The Supreme Court, after deciding the *Franklin* case granted certiorari in the case of *Penry v. Lynaugh*, —— U.S. ——, 108 S.Ct. 2896, 101 L.Ed.2d 930 (1988). According to *United Law Week*, 57 U.S.L.W. 3027 (U.S. July 1, 1988) (No. 87–6177), the questions presented for certiorari are

(1) At punishment phase of Texas murder trial, must trial court upon proper request (a) instruct jury that they are to take into consideration all evidence that mitigates against sentence of death and (b) define terms in three statutory questions in such way that in answering these questions all mitigating evidence can be taken into account?

(2) Is it cruel and unusual punishment to execute an individual with reasoning capacity of a seven-year-old?

*Penry v. Lynaugh*, 832 F.2d 915 (5th Cir. 1987), *petition for cert. granted*, —— U.S. ——, 108 S.Ct. 2896, 101 L.Ed.2d 930 (1988). The issue posed by the facts in the *Penry* case, however, involves the mitigating circumstance of serious mental retardation and whether or not it can adequately be taken into account under Texas' two aggravation issues. See *Penry v. Lynaugh*, 832 F.2d 915 (5th Cir.1987). Regardless of whether the Supreme Court finds such to be the case in *Penry*, all the mitigating circumstances which Bridge offered clearly could properly be addressed under the Texas law. Thus, in accordance with the *Franklin* decision, we find no justification for granting a certificate of probable cause to appeal. Nor do we find any justification for a stay of execution.

### III. *Delay in Filing*

This Court notes that it affirmed the U.S. district court's denial of relief on February 18, 1988. The state district court waited until May 1988 to set a date for execution. That date was July 27, 1988. On July 5, 1988 the state district court granted an extension on the execution date until September 15, 1988. *Franklin* was decided on June 22, 1988, and certiorari was granted in *Penry* on June 30, 1988. No new development occurred after those two dates.

Yet this habeas corpus petition was not filed in state court until over two months later, on September 8, just one week before the scheduled execution. This filing date required decision on the merits by three courts before the case reached us at about noon on Wednesday, September 14, 1988.

In a panel concurring opinion in *Brogdon v. Butler*, 824 F.2d 338, 344 (5th Cir.1987), we said "this Court would be blind if it did not see that counsel for defendant deliberately withheld their challenges ... until the very last possible (date) ..." The time schedule in the case before us raises at least the suspicion of delay in filing in the hope that the Court will again stay the execution to enable full consideration on the merits.

By waiting until the last possible minute to make the appeal, counsel does not adequately discharge his responsibility in this Court. We have, nevertheless, given Bridge's contentions full consideration in spite of the shortness of time. We have had before us the contentions of both parties in both state courts and the federal district court before any pleadings were filed in this Court. We are fully acquainted with the facts of this case through our own prior decision. *Bridges v. Lynaugh*, 838 F.2d 770 (5th Cir.1988), *reh'g en banc denied*, 843 F.2d 499. A certificate of probable cause is necessary before this Court can hear Bridge's appeal. Fed. R.App.P. 22(b), 28 U.S.C. § 2253. As detailed above, Bridge has made no substantial showing of denial of a federal right. *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983). Bridge's motion for a certificate of probable cause to appeal is lacking in merit. *Fabian v. Reed*, 714 F.2d 39, 40 (5th Cir. 1983). It is denied, and we deny his motion for a stay of execution.

MOTION FOR CERTIFICATE OF PROBABLE CAUSE TO APPEAL IS DENIED. STAY OF EXECUTION DENIED.