**Warren Eugene BRIDGE,
Petitioner–Appellant,**

v.

**James A. LYNAUGH, Director, Texas
Department of Corrections,
Respondent–Appellee.**

No. 88–2855.

United States Court of Appeals,
Fifth Circuit.

Nov. 1, 1988.

Anthony P. Griffin, Galveston, Tex., for petitioner-appellant.

William C. Zapalac, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellee.

(Opinion Sept. 14, 1988, 5th Cir.1988
856 F.2d 712)

Before POLITZ, WILLIAMS and
JONES, Circuit Judges.

PER CURIAM:

In *Bridge v. Lynaugh,* 856 F.2d 712 (5th Cir.1988), we denied a motion for certificate of probable cause to appeal and a stay of execution on the ground that under the Texas Criminal Procedure Code, Ann art. 37.071 (Vernon 1981), adequate consideration of evidence in mitigation at the punishment phase of the trial is occasioned by allowing the mitigating evidence to be admitted. There is no additional statutory nor constitutional requirement that the jury be instructed specifically to consider the evidence in mitigation. The State of Texas has moved for a rehearing in the case on the ground that we should have relied upon the principle of procedural default in that no objection had been raised by Bridge's counsel during the punishment phase of trial as to the lack of instruction to the jury about consideration of the mitigating evidence. We refused to accept the procedural bar and went to the merits of the case.

■ We grant the State's motion for rehearing only to the extent of correcting one of the two grounds which we offered for not recognizing a procedural bar. Under the law of this Circuit, we were incorrect in concluding that because the state courts used the procedural bar only as an alternative justification for the denial of habeas corpus, we were free also to consider the case on the same basis. The Eleventh Circuit has so held, *Darden v. Wainwright,* 699 F.2d 1031, 1034 & n. 4, *aff'd,* 708 F.2d 646 (11th Cir.1983) (en banc), *rev'd on other grounds,* 725 F.2d 1526 (11th Cir.1984) (en banc), *rev'd on other grounds,* 469 U.S. 1202, 105 S.Ct. 1158, 84 L.Ed.2d 311 (1985).

This is not the law of the Fifth Circuit, however. We have made clear in our holdings that even though the state courts have relied upon the procedural default only as an alternative, we are not free to approach the issue the same way. In *Cook v. Lynaugh,* 821 F.2d 1072, 1077 (5th Cir.1987), we made a thorough review of the holdings. We concluded: "[W]hen a state court bases its decision upon the alternative grounds of procedural default and a rejection of the merits, a federal court must, in the absence of good 'cause' and 'prejudice', deny habeas corpus relief because of the procedural default." We therefore withdraw as one of the justifications for failing to find a procedural bar in this case the fact that the state courts although finding the procedural bar also reviewed the case on the merits.

■ This leaves the issue of our justification for reaching the merits because we found the procedural bar not applicable for another reason. The rule of *Wainwright v. Sykes,* 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977), is that in a state habeas corpus case we do not consider on the merits an error at trial to which no objection was made. The failure to object creates a procedural bar if it is so recognized by the state courts. A·showing of "good cause" and "prejudice" for failure to object is the stated exception to the rule.

■ As we concluded in the original opinion, we find that there was good cause for failure to object at the time of the trial of this case. In the original case holding the Texas Capital Punishment Statute constitutional, *Jurek v. Texas,* 428 U.S. 262, 276, 96 S.Ct. 2950, 2958, 49 L.Ed.2d 929 (1976), the Court had approved the Texas law allowing all mitigating evidence to be admitted in the punishment phase of the trial but without requiring that the jury be instructed specifically to take the mitigating evidence into account. Eight months before the trial of this case, the Texas Court of Criminal Appeals had considered and rejected again the claim that the jury had to be instructed as to mitigation. *Quinones v. State,* 592 S.W.2d 933 (Tex.Crim. App.), *cert. denied,* 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980). The petition for certiorari in that case was pending at the time of the trial in this case.

Thus, at the trial, the law appeared to be settled by the original Supreme Court decision and by a more recent consideration of the issue by the Texas Court of Criminal Appeals. Indeed, it is fair to say that it appeared to be so settled that this Court may have been caught by surprise when certiorari was granted in *Franklin v. Lynaugh* by the Supreme Court, —— U.S. ——, 108 S.Ct. 221, 98 L.Ed.2d 180 (1987). The Court granted review solely on the issue of whether the jury at the punishment phase of the trial had to be instructed on the use and application of the evidence in mitigation. This issue was not even referred to in our panel decision in which we affirmed the denial of habeas corpus and denied a stay of execution, *Franklin v. Lynaugh*, 823 F.2d 98 (5th Cir.1987).

It is proper to hold, therefore, as we did in our original opinion in this case that "the issue of the constitutionality of the Texas plan was revived by the Supreme Court's grant of certiorari in *Franklin v. Lynaugh*, . . . ."

The additional requirement of prejudice also was met. The Supreme Court granted certiorari and critically considered the issue of whether the Constitution requires that the jury be instructed as to the application of the evidence introduced in mitigation to the three required findings of the Texas statute. It would have been prejudicial not to allow petitioner to raise this serious question for consideration. Thus, we properly found that the case fell within the established exception to the procedural bar by the showing of good cause for failure to raise the procedural issue at the trial and by noting the prejudice which would have resulted from invoking the bar when a later revival had occurred as to what had been considered a settled question.

Part II of our prior opinion remains unchanged. In it, we considered the merits of the claim and denied a certificate of probable cause to appeal and a stay of execution. Our decision was based largely upon the Supreme Court's closely divided decision in *Franklin.* No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Federal Rules of Appellate Procedure and Local Rule 35, the Suggestion for Rehearing En Banc is DENIED.

EDITH H. JONES, Circuit Judge, dissenting on petition for rehearing and suggestion for rehearing en banc:

Our panel has noted the error of our ways in departing from this Court's precedent in *Cook v. Lynaugh*, 821 F.2d 1072, 1076–77 (5th Cir.1987), which held that if a state court denies a habeas petitioner's claim on alternate grounds of procedural default and the merits, we are barred by the procedural default doctrine from considering that claim. This is obviously a correct result, although I acknowledge complicity in the earlier opinion.

Having reconsidered the issue of procedural bar, however, and found this first aspect of our previous decision wanting, I also now differ from my colleagues and reject their conclusion that we may proceed to the merits of Bridge's claim on the basis of cause and prejudice.

Under *Wainwright v. Sykes,* a habeas corpus petitioner can avoid imposition of procedural bar by showing cause for the noncompliance with state procedures and actual prejudice resulting from the alleged constitutional violation. *Wainwright v. Sykes,* 433 U.S. 72, 84–87, 97 S.Ct. 2497, 2505–06, 53 L.Ed.2d 594 (1977). Both cause and prejudice must be shown by the petitioner. 433 U.S. at 87, 97 S.Ct. at 2506. The majority have here decided that Bridge had "cause" not to raise the necessity for an instruction on mitigating circumstances because in 1980, when he was tried, the constitutionality of the Texas death penalty scheme seemed in this regard to have been settled. *Jurek v. Texas,* 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976). The majority then determine that "the issue of the constitutionality of the Texas plan was revived by the Supreme Court's grant of certiorari in *Franklin v. Lynaugh.*" —— U.S. ——, 108 S.Ct. 221, 98 L.Ed.2d 180 (1987); subsequent Supreme Court opinion found at —— U.S. ——, 108 S.Ct. 2320, 101 L.Ed.2d 155 (1988). When certiorari was

granted in *Franklin*, and presumably only thereafter, would the majority conclude that capital defendants have had "cause" to raise new challenges to the Texas death penalty scheme. I disagree.

Only about six months ago, our Court held in *Selvage v. Lynaugh*, 842 F.2d 89 (5th Cir.1988), that a capital defendant's attempt to raise the *Franklin* issue of mitigating circumstances was procedurally barred, holding that "the [*Franklin*] issue is not a recently found legal theory not knowable by competent trial counsel." Id. at 94, citing *Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984). Our Circuit precedent thus contradicts the panel majority's holding today. Moreover, I would observe that the petitioner in *Franklin* and in the yet-to-be decided *Penry v. Lynaugh*, 832 F.2d 915 (5th Cir.1987), cert. granted, —— U.S. ——, 108 S.Ct. 2896, 101 L.Ed.2d 930 (1988), were tried in 1982 and 1980, respectively. If the issue was known to their counsel at that time, it should also have been known to Bridge's counsel.

As for prejudice, the majority seem to imply that because Bridge is a capital defendant, this constitutes "prejudice" under *Wainwright* that permits us to review his late-found claim. I agree that there is little mercy in declining to review a capital defendant's habeas claims on the ground of procedural bar. In some instances, our court conducts review on the merits of such claims, pretermitting the issue of procedural bar so that we can demonstrate the claims are not justified on their merits. See, e.g., *Williams v. Lynaugh*, 837 F.2d 1294 (5th Cir.1988). Both the Supreme Court and our Court have, however, held that the death sentence alone does not constitute prejudice that permits us to overlook a procedural bar. See *Smith v. Murray*, 477 U.S. 527, 538, 106 S.Ct. 2661, 2668, 91 L.Ed.2d 434 (1986); *Evans v. McCotter*, 790 F.2d 1232, 1239 n. 7 (5th Cir.), cert. denied, 479 U.S. 922, 107 S.Ct. 327, 93 L.Ed.2d 300 (1986). Prejudice consists, instead, in a demonstration that the claimed constitutional violation substantially "undermined the accuracy of the guilt or sentencing determination." *Smith v. Murray*, 477 U.S. at 539, 106 S.Ct. at 2668. See also

*United States v. Frady*, 456 U.S. 152, 169, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816 (1982). For the reasons stated by the majority when addressing the merits of Bridge's *Franklin* claim, I would find Bridge was not prejudiced according to the Supreme Court's standard.

For these reasons, I respectfully, dissent in part from the order on Petition for Rehearing.