**Donald Gene FRANKLIN, Petitioner–Appellant,**

v.

**James LYNAUGH, Director, Texas Department of Corrections, Respondent–Appellee.**

No. 88–5630.

United States Court of Appeals, Fifth Circuit.

Nov. 1, 1988.

Mark Stevens, George Scharmen, Allen Cazier, Clarence Williams, San Antonio, Tex., for petitioner-appellant.

Jim Mattox, Atty. Gen., William C. Zapalac, Austin, Tex., for respondent-appellee.

Before GEE, KING and DAVIS, Circuit Judges.

PER CURIAM:

For the reasons stated in its "Memorandum Opinion and Order" filed today, we affirm the denial of relief by the trial court. Franklin's third attempt to obtain habeas relief presents no more than one warmed-over variation on a claim made earlier and denied plus two claims long known—both as to law and factual bases—and inexplicably withheld from previous petitions.

■ We add only that it is plain our repeated admonitions to counsel against deliberately withholding such filings until the last minute have fallen on deaf ears. See, *e.g., Brogdon v. Butler,* 824 F.2d 338, 344 (5th Cir.1987); *Bridge v. Lynaugh,* 856 F.2d 712 (5th Cir.1987); and *Bell v. Lynaugh,* 858 F.2d 978 (5th Cir.1988). Despite the fact that Franklin's November 3 execution date was set in September, counsel did not file for habeas relief in state court until October 24, ten days before the execution date, or in federal district court until the last day of October, when only about sixty hours remained. No explanation for these delays is offered, and we can only assume that they represent a fixed resolve to call haste and confusion into service in Franklin's cause along with analysis and argument.

Such tactics constitute not only an abuse of the writ but of the Court. We need not and will not tolerate them further—indeed, the Supreme Court long ago admonished us not to do so:

> A pattern seems to be developing in capital cases of multiple review in which claims that could have been presented years ago are brought forward—often in a piecemeal fashion—only after the execution date is set or becomes imminent. Federal courts should not continue to tolerate—even in capital cases—this type of abuse of the writ of habeas corpus.

*Woodard v. Hutchins,* 464 U.S. 377 at 380, 104 S.Ct. 752 at 753–54, 78 L.Ed.2d 541, 544–45 (1984).

■ Grateful for the selfless efforts of counsel on behalf of the condemned, and conscious of the deeply-held convictions that often motivate those efforts, we have hesitated to act thus far. Deliberate withholding of claims until the eleventh hour has now become all but a standard tactic in these cases, however; and we can tolerate it no longer. Counsel are therefore admonished against such abuses and warned that in future we will not hesitate to impose sanctions.

Leave to proceed in forma pauperis is GRANTED. All other relief is

DENIED.

KING, J., concurs in the judgment.