## SELVAGE *v.* COLLINS, DIRECTOR, TEXAS DEPART-MENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION

No. 87–6700.   Argued January 17, 1990—Decided February 21, 1990

*Richard H. Burr III* argued the cause for petitioner. With him on the briefs were *Julius L. Chambers, George H. Kendall,* and *David Cunningham.*

*Robert S. Walt,* Assistant Attorney General of Texas, argued the cause for respondent.   With him on the brief were *Jim Mattox,* Attorney General, *Mary F. Keller,* First Assistant Attorney General, *Lou McCreary,* Executive Assistant Attorney General, and *Michael P. Hodge, Dana E. Parker,*

*Andrea L. March,* and *Don Morehart,* Assistant Attorneys General.*

PER CURIAM.

In March 1988, petitioner sought certiorari to review a decision of the United States Court of Appeals for the Fifth Circuit refusing to stay the execution of his death sentence. We granted a stay of execution, 485 U. S. 983 (1988), and withheld disposition of the petition pending our decision in *Penry* v. *Lynaugh,* 492 U. S. 302 (1989). Following that decision we granted certiorari in petitioner's case to answer this question:

> "At the time petitioner was tried, was there 'cause' for not raising a claim based upon arguments later accepted in *Penry* v. *Lynaugh,* 492 U. S. 302 (1989), and if not, would the application of a procedural bar to the claim result in a 'fundamental miscarriage of justice,' *Smith* v. *Murray,* 477 U. S. 527, 537–538 (1986)?" 493 U. S. 888 (1989).

Petitioner contended in his brief and in his oral argument that his claim for relief based on *Penry* would no longer be deemed procedurally barred by the Texas Court of Criminal Appeals. The Director of the Texas Department of Criminal Justice, respondent here, disputes that contention.

Because our decision in *Penry* was handed down after petitioner's petition for certiorari was filed, and may have affected the view of the Texas Court of Criminal Appeals on the issue whether petitioner's claim is presently barred, we think that issue should be decided before we address the

*Kent S. Scheidegger* filed a brief for the Criminal Justice Legal Foundation as *amicus curiae* urging affirmance.

Briefs of *amici curiae* were filed for the Harris County Criminal Lawyers Association by *Stanley G. Schneider;* and for Harvey Earvin by *Robert L. McGlasson.*

question on which we granted certiorari. The Court of Appeals for the Fifth Circuit is more familiar with Texas law than we are, and we therefore vacate the judgment of the Court of Appeals and remand the case to it for determination whether petitioner's *Penry* claim is presently procedurally barred under Texas law.

*It is so ordered.*

JUSTICE BRENNAN, concurring.

I concur in the Court's disposition of the case. Even if I did not, I would vacate petitioner's death sentence. I adhere to my view that the death penalty is in all circumstances cruel and unusual punishment. See *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976) (BRENNAN, J., dissenting).

JUSTICE BLACKMUN, with whom JUSTICE BRENNAN joins, concurring.

I concur in the Court's disposition of this case. Petitioner contends that, under the rule announced in *Ex parte Chambers*, 688 S. W. 2d 483 (Tex. Crim. App. 1984), the Texas courts no longer will regard his *Penry* claim as procedurally barred. It is appropriate that this issue should be resolved as an initial matter, since if petitioner is correct it will be unnecessary to decide the federal question on which we granted certiorari. I also note that the Court of Appeals is free, if it wishes, to certify an appropriate question to the Texas Court of Criminal Appeals.