**Johnny JAMES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 69653.**

Court of Criminal Appeals of Texas,
En Banc.

Oct. 31, 1990.

Rehearing Overruled Dec. 19, 1990.

Jeffrey J. Pokorak, San Antonio, for appellant.

Michael R. Little, Dist. Atty. and Georgia L. Clapper, Asst. Dist. Atty., Anahuac, Robert Huttash, State's Atty., Austin, for the State.

---

### OPINION ON REMAND FROM THE UNITED STATES SUPREME COURT

CLINTON, Judge.

Appellant was convicted of the offense of capital murder and his punishment assessed at death. On original submission in this cause we affirmed appellant's convic-

tion in a published opinion. *James v. State*, 772 S.W.2d 84 (Tex.Cr.App.1989). Rehearing was denied on June 7, 1989, and this Court's mandate issued on June 23, 1989. On August 30, 1989, appellant filed a petition for writ of certiorari in the United States Supreme Court, and on October 10, 1989, that court vacated our judgment and remanded the cause for reconsideration in light of *Penry v. Lynaugh*, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). — U.S. ——, 110 S.Ct. 225, 107 L.Ed.2d 178.

In his fourth point of error appellant complained that the trial court erred in failing to give his requested instruction on voluntary intoxication as a factor to be considered in mitigation of punishment. Appellant had requested the trial court to instruct the jury:

"You can consider, in mitigating or lessening the defendant's punishment, that at the time of the murder, the capacity of the defendant to appreciate the criminality (wrongfulness) of his conduct or to conform his conduct to the requirements of the law was impaired as a result of voluntary intoxication." [1]

In his brief on original submission appellant argued that the evidence had been sufficient to entitle him to such an instruction under V.T.C.A. Penal Code, § 8.04,[2] citing a number of noncapital cases bearing on the question when evidence is sufficient to raise the issue of voluntary intoxication in mitigation of punishment. Appellant invoked neither the Eighth Amendment nor any other provision of the United States Constitution. He did not argue that without the requested instruction the jury would be unequipped to give effect to evidence having mitigating significance beyond the pale of the special issues enumerated in Article 37.071(b), V.A.C.C.P. He did not even specifically argue that without the requested instruction the jury would be unequipped to give effect to evidence militating in favor of negative answers to the special issues. He simply argued that as a matter of state law the evidence raised the issue of voluntary intoxication, and therefore, under § 8.04, supra, he was entitled to the instruction.

On original submission the Court disposed of appellant's contention in the following manner:

"Rather than conduct a review of the evidence to support this instruction, we find that, regardless of the evidence presented, appellant was not entitled to the requested instruction. This Court has repeatedly held that, although a capital murder defendant has a right to have certain evidence considered in mitigation of punishment, he is not entitled to jury instructions specifically informing the jury that certain evidence may be considered or how it may be applied. E.g., *Cordova v. State*, 733 S.W.2d 175, 190 (Tex.Cr.App.1987); *Demouchette [v. State*, 731 S.W.2d 75], at 80 [(Tex.Cr.App.1986)].

Appellant was entitled to present evidence of any mitigating circumstances and did present such evidence.... The question then is whether the language of the special issue is so complex that an explanatory charge is nec-

---

1. After appellant submitted this proposed charge to the trial court, the following colloquy ensued:

   "THE COURT: * * * As regards your second request on voluntary intoxication, I assume that's what you're asking for?
   [DEFENSE COUNSEL]: Yes.
   THE COURT: Do you have any proposeed [sic] authority for that particular charge?
   [DEFENSE COUNSEL]: No, sir, other than the law with respect to voluntary intoxication.
   THE COURT: Can you show me in the law where it talks about it?
   [DEFENSE COUNSEL]: I think that's a fair interpretaion of the statute [presumably, V.T.C.A. Penal Code, § 8.04].

   THE COURT: All right. Thank you. It's denied."

2. V.T.C.A. Penal Code, § 8.04 reads, in relevant part:

   "(a) Voluntary intoxication does not constitute a defense to the commission of crime.
   (b) Evidence of temporary insanity caused by intoxication may be introduced by the actor in mitigation of the penalty attached to the offense for which he is being tried.
   (c) When temporary insanity is relied upon as a defense and the evidence tends to show that such insanity was caused by intoxication, the court shall charge the jury in accordance with the provisions of this section."

essary to keep the jury from disregarding the evidence properly before it. In *King v. State*, 553 S.W.2d 105 (Tex.Cr. App.1977), *cert. denied*, 434 U.S. 1088, 98 S.Ct. 1284, 55 L.Ed.2d 793 (1978), this Court held that the questions in Art. 37.071 used terms in common understanding which required no special definition. The jury can readily grasp the logical relevance of mitigating evidence to the [special] issue[s]. . . .

> *Quinones v. State*, 592 S.W.2d 933, 947 (Tex.Cr.App.1980), *cert. denied*, 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121, *reh. denied*, 449 U.S. 1027, 101 S.Ct. 600, 66 L.Ed.2d 490 (1980). Appellant's fourth point of error is overruled."

Although appellant raised no Eighth Amendment claim that a special instruction was necessary to empower the jury to give effect to mitigating evidence *dehors* the special issues, it is possible that our citation to *Cordova* and *Demouchette*, both supra, made it appear that we resolved this point of error as if he had.[3]

It is therefore not surprising that in his petition for writ of certiorari new counsel for appellant argued that in light of the recent holding in *Penry v. Lynaugh,* supra, we erred in our disposition of his claim. Appellant represented to the Supreme Court that this Court held the "trial judge had not erred in failing to give a requested instruction to the jury to consider mitigating evidence which fell outside the scope of the Texas death sentencing statute." Of course, considering that in his point of error appellant never contended that his evidence of voluntary intoxication had mitigating significance beyond the scope of special issues, this Court held no such thing. Appellant never claimed that his proffered evidence had any impact beyond counseling a negative answer to special issues, and we framed our answer accordingly. Thus we held that a special instruction was unnecessary *vis-a-vis* the special issues because the jury would "readily grasp the logical relevance" of such evidence to the specific questions of deliberateness and future dangerousness. Not until his petition for writ of certiorari did appellant begin to argue that "the relevance of the mitigating quality of alcohol use exceed[s] the scope of the special issues in the Texas sentencing statute." [4]

---

**3.** It is true that in both *Cordova* and *Demouchette* we essentially held that the Eighth Amendment did not require a particular instruction to the jury that it may consider and effectuate evidence having mitigating value different from or beyond its tendency to persuade the jury to answer 'no' to special issues. We now know that if the record contains such mitigating evidence, an accused cannot be sentenced to death under our statutory scheme, consonant with the Eighth Amendment, unless such an instruction has been given. *Penry v. Lynaugh,* supra; *Franklin v. Lynaugh,* 487 U.S. 164, 108 S.Ct. 2320, 101 L.Ed.2d 155 (1988) (O'Connor, J., concurring).

In *Quinones*, however, the defendant did not request such an instruction. Rather, Quinones expressly asked that the jury be charged that: "Evidence presented in mitigation of the penalty may be considered should the jury desire, *in determining the answer to any of the special issues.*" (Emphasis added.) The Court found the requested instruction unnecessary because the logical relevance of appellant's proffered evidence *to the special issues* would be readily apparent. Quinones did not raise, nor did we decide, whether he would be entitled to an instruction explaining to the jury how it may give effect to any evidence that has potentially mitigating weight and significance independent of its applicability to special issues. See *Burns v. State,* 761 S.W.2d 353, at 358 n. 5 (Tex.Cr.App. 1988). Appellant did not raise that question either, and our opinion on original submission should not be construed to have addressed it. See text, *post.*

**4.** As a further indication of how far appellant has strayed from his original point of error, we note that in his brief to this Court on remand from the Supreme Court appellant argues that to give an instruction under § 8.04, supra, in a capital case would itself violate the Eighth Amendment. He now argues that the very instruction he requested at trial, and which was the basis of his fourth ground of error on appeal, would unconstitutionally limit the jury's "reasoned moral response" to evidence of alcohol abuse proffered in mitigation of punishment. See *Penry v. Lynaugh,* 492 U.S. at ——, 109 S.Ct. at 2948, 106 L.Ed.2d at 280. Because the requested instruction on its face allows mitigating significance to evidence of intoxication only if it was of such a degree as to cause temporary insanity, appellant contends, it was unduly restrictive under the Eighth Amendment. See *Tucker v. State,* 771 S.W.2d 523, at 533–34 (Tex.Cr.App.1988). In effect he thus now asserts that for the trial court to have given the very instruction he requested would have been error!

After that further consideration mandated by the United States Supreme Court, we hold that its decision in *Penry v. Lynaugh,* supra, is not implicated in the present appeal. Because appellant failed to raise any Eighth Amendment claim in his fourth point of error, such an issue was not before us on original submission, and is not before us today.[5] Appellant does not now ask us to reconsider the particular question of state law which was raised and resolved in the original appeal, *viz:* whether the evidence entitled him to an instruction pursuant to § 8.04, supra.

The judgment of the trial court is therefore affirmed.

TEAGUE, J., dissents.

STURNS, J., not participating.

---

**5.** To treat the merits of the *Penry* claim in the present posture, i.e., raised for the first time in this Court on the remand from the Supreme Court, would essentially amount to excusing what was arguably a procedural default on appellant's part in failing to raise such a claim either at trial or on appeal. Whether claims under *Penry* may be thus defaulted as a matter of state law is a question currently before the Court on certified question from the Fifth Circuit Court of Appeals, as per Justice Blackmun's suggestion in *Selvage v. Collins,* 494 U.S. 108, 110 S.Ct. 974, 108 L.Ed.2d 93 (1990) (Blackmun, J., concurring). Even on the remand appellant does not brief this particular question.