THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 88-2855
_____


WARREN EUGENE BRIDGE,

Petitioner-Appellee,


versus


JAMES A. COLLINS, Director
Texas Department of Criminal
Justice, Institutional Division,

Respondent-Appellant.


--------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas


--------------------------------------------------------------
( June 11, 1992 )

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES


Before POLITZ, Chief Judge, JOLLY, and JONES, Circuit Judges.

E. Grady Jolly, Circuit Judge:

The Supreme Court vacated our judgment denying Warren Bridge's

motion for certificate of probable cause and instructed us to

reconsider the case in the light of Selvage v. Collins, 110 S.Ct.

974 (1990), and Penry v. Lynaugh, 109 S.Ct. 2934 (1989). Bridge v.

Collins, 110 S.Ct. 1313 (1990). Addressing Bridge's claim on the

merits and in the light of Penry, we hold that his claim has no

merit.  Bridge argues that his death sentence was imposed in violation of the Eighth and Fourteenth Amendments because, under the Texas death penalty statute, the jury was unable to consider mitigating evidence during the sentencing phase of his trial.  We hold that no major thrust of Bridge's mitigating evidence was substantially beyond the scope of the two special questions asked during the sentencing phase of trial.  We therefore deny his motion for certificate of probable cause and dismiss his appeal.  We also vacate the stay of execution entered by the Supreme Court.

I

Warren Eugene Bridge was convicted of felony-murder and sentenced to death in Texas in 1986.  After Bridge's first state and federal petitions for habeas corpus relief were denied, his execution was scheduled for September 15, 1988.  On September 8, 1988, having again exhausted state remedies, Bridge filed his second petition for federal habeas corpus relief, arguing that the Texas death penalty statute violates the Eighth and Fourteenth Amendments because it allows a jury no mechanism for considering individual mitigating circumstances during the punishment phase of a capital trial.  The state courts and the federal district court denied the petition.

On appeal, we initially held that Bridge's claim was not procedurally barred even though his counsel made no objection to the sentencing statute at trial.  Bridge v. Lynaugh, 856 F.2d 712, 714 (5th Cir. 1988).  We then addressed Bridge's claim on the

merits. Finding that Bridge made no substantial showing of a denial of a federal right, we denied his motion for certificate of probable cause and we denied his motion for a stay of execution. On September 14, 1988, the Supreme court granted certiorari and entered a stay of execution, pending its judgment in this case.

In a revised opinion, we clarified our holding that Bridge's claim was not procedurally barred. We held that Bridge's claim was not procedurally barred because Bridge had good cause for his failure to object at trial and because he would be prejudiced if we did not review his claim. Bridge v. Lynaugh, 860 F.2d 162 (5th Cir. 1988). In a later opinion, however, we withdrew our earlier writings on the case, stating that our denial of Bridge's claim rested only on the absence of "legal cause" for his failure to raise his objection at trial. Bridge v. Lynaugh, 863 F.2d 370 (5th Cir. 1989). In May of 1990, the Supreme Court vacated our judgment and remanded the case back to this court for further consideration in the light of Selvage and Penry.[1]

---

[1]Although Bridge failed to raise his Penry claims until his second federal habeas corpus petition, this case differs fundamentally from Romero v. Collins, 1992 WL 105059 (5th Cir. May 19, 1992). In Romero, we recently reaffirmed our holding that the Rule 9(b) abuse of writ doctrine bars a petitioner from raising the Penry issue in a second federal habeas petition unless he can satisfy the cause and prejudice standard enunciated in McCleskey v. Zant, 111 S.Ct. 1454 (1991). See also Cuevas v. Collins, 932 F.2d 1078 (5th Cir. 1991). Because Bridge's second federal habeas petition was filed and has been pending in our court since May 1990, well before McCleskey was decided, Bridge has never received the notice that is a prerequisite to dismissing a successive habeas petition for abuse. Matthews v Butler, 833 F.2d 1165, 1170 (5th Cir. 1987). Rule 9(b) does not

In Selvage v. Collins, 816 S.W.2d 390, 392 (Tex. Crim. App. 1991), the Texas Court of Criminal Appeals held that a petitioner's failure to bring a Penry type claim at trial is not a procedural bar to his later raising that issue.[2]  We must therefore address Bridge's motion for certificate of probable cause and his appeal of the district court's denial of his petition for habeas corpus relief in the light of the Supreme Court's decision in Penry.

Bridge argues that the Texas death penalty statute violates the Eighth and Fourteenth Amendments because a jury is unable to give consideration to mitigating evidence during the punishment phase of the trial.  Under the Texas Code of Criminal Procedure, the jury must answer "yes" to the following two questions before the defendant may be sentenced to death:

> (1) whether the conduct of the defendant that caused the death of the deceased was committed deliberately and with the reasonable expectation that the death of the deceased or another would result;
> (2) whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society.

---

apply in this unusual insistence.

[2]In Penry, the petitioner argued that absent a special instruction, the jury was not allowed to give consideration to mitigating evidence.  The Supreme Court held that in Penry's case, the jury had no vehicle to express the view that his brain damage, mental retardation and troubled childhood reduced his culpability for the crime.  Penry, 109 S.Ct. at 2949.

Tex. Crim. Proc. Code. Ann., Art. 37.071(b) (Vernon 1981).[3]  Bridge

argues that he offered the following mitigating circumstances at

trial:

> (1) That no physical evidence linked him to the crime and that his accomplice may have actually shot the victim;
> (2) That he was intoxicated at the time of the incident;
> (3) That there was no talk about robbing the store beforehand;
> (4) That he was easily led by others and was under the influence of a tough guy ten years older than he was;
> (5) That afterward, he was in tears on his bed while his accomplice was waving the gun around;
> (6) That he was immature and young (19 years old) at the time; and
> (7) That he had not been connected with any violent crime before this incident.

Bridge argues that the jury was unable to give consideration to

this mitigating evidence because the jury was only instructed to

answer the questions "yes" or "no."

The petitioner in Penry made a similar argument.  He argued

that absent a special instruction, the jury was unable to consider

his mitigating evidence that he suffered from brain damage, was

mentally retarded and had a troubled childhood.  The Court held

that Penry's sentence was imposed in violation of the Eighth

Amendment because the jury was unable to consider the effect of

Penry's evidence without a special instruction.  Penry, 109 S.Ct.

at 2952.  The Court found that neither of the special questions

allowed the jury to give effect to Penry's evidence.  The Court

stated that although his evidence was relevant to the first

---

[3]There is a third question under the statutory scheme that is not at issue here.  It concerns provocation by the victim.

question (deliberateness), it was also relevant beyond the scope of the finding the jury was required to make when answering that question. Id. at 2949. As for the second question (future dangerousness), the Court stated that Penry's evidence was likely to have caused the jury to consider Penry a future threat, while at the same time reducing his moral culpability for the crime. Id.

In our recent en banc case, Graham v. Collins, 950 F.2d 1009, 1027 (5th Cir. 1992), cert. granted, 1992 WL 52201 (U.S. June 8, 1992)(No. 91-7580), we held that Penry does not invalidate the Texas sentencing scheme and that Jurek v. Texas, 428 U.S. 262 (1976),[4] continues to apply in instances where no major mitigating thrust of evidence is substantially beyond the scope of the special issues.[5] We hold that no major thrust of Bridge's mitigating evidence is substantially beyond the scope of the special questions.

The first four mitigating circumstances could have been considered and given effect when answering the first special question concerning Bridge's deliberateness. If the jury members believed that Bridge's accomplice killed the victim, then they

---

[4]The Supreme Court, in Jurek, sustained the constitutionality of the Texas capital sentencing procedure.

[5]We are cognizant of the Supreme Court's grant of certiorari in Graham. This court, however, is bound by the law of this Circuit. Johnson v McCotter, 804 F.2d 300, 301 (5th Cir. 1986), cert. denied, Johnson v. Lynaugh, 481 U.S. 1042 (1987). Consequently, a stay must come from the Supreme Court.

could have answered "no" to the first question.[6] Bridge's intoxication could also have been adequately taken into account when answering the first special question. Cordova v. Collins, 953 F.2d 167, 170 (5th Cir. 1992). Furthermore, if the jury members believed that Bridge did not plan to rob the store, then they could have concluded that he did not deliberately kill the victim. Finally, if the jury members thought that Bridge was influenced or led by his accomplice, then they could have found that Bridge did not deliberately kill the victim.

The first mitigating circumstance and the last five could have been taken into consideration and given effect when answering the second question concerning Bridge's future dangerousness. If the jury members believed that Bridge did not shoot the victim, then they could have concluded that Bridge would not be a future threat. If the jury members believed that Bridge did not plan to rob the store and that he was remorseful after the incident, then they could have concluded that he would be less likely to rob or commit other crimes in the future. If the jury members believed Bridge's youth and impressionability to be mitigating circumstances, then they could have concluded that Bridge would be less likely to be dangerous when no longer young. Graham, 950 F.2d at 1031. Finally, the jury clearly could have taken into consideration Bridge's past criminal record when determining whether Bridge was

---

[6]Arguably, the jury could have also considered and given weight to this evidence during the guilt phase of the trial.

a future threat.  Thus, no major mitigating thrust of Bridge's evidence is beyond the scope of the two special questions.

A certificate of probable cause is necessary before this Court can hear Bridge's appeal.  Fed. R. App. P. 22(b); 28 U.S.C. § 2253. Bridge has made no substantial showing of a denial of a federal right.  Barefoot v. Estelle, 463 U.S. 880, 893 (1983).  Thus, Bridge's motion for certificate of probable cause is  D E N I E D, his appeal is D I S M I S S E D, and the stay of execution is V A C A T E D.