IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 88-1995

---

SAMUEL CHRISTOPHER HAWKINS,

Petitioner-Appellant,

versus

JAMES A. COLLINS, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

---

Appeal from the United States District Court
for the Northern District of Texas

---

( December 23, 1992 )

Before KING, HIGGINBOTHAM, and JONES, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

I

Samuel Christopher Hawkins was convicted of capital murder by a jury in the 99th Judicial District Court of Lubbock County, Texas on March 15, 1978, and after a sentencing hearing was sentenced to death. The Texas jury convicted Hawkins, a black man, for the rape and murder of Abbe Rodgers Hamilton, a pregnant white woman. He brings in this third federal habeas petition related claims. First, he urges that the jury could not give expression to his mitigating evidence under the interrogatories then submitted in capital cases. Second, he urges that his opportunity to offer

mitigating evidence was frustrated by the jury's inability under its instructions to separate the negative from the positive in viewing his evidence. We find that Hawkins' claims should have been included in at least his second federal petition and are now barred.

## II

Five years after trial, the Texas Court of Criminal Appeals rejected fifteen assigned errors and affirmed the conviction and sentence. Hawkins v. State, 660 S.W.2d 65 (Tex. Crim. App. 1983) (en banc).[1] Hawkins filed his first federal habeas petition while his direct appeal was pending, and it was dismissed for failure to exhaust state remedies. Without filing a state habeas petition, Hawkins filed his second federal petition on November 4, 1983. After extensive proceedings, the federal district court determined Hawkins to be competent and granted his request to proceed pro se. The magistrate-judge warned Hawkins of the hazards of representing himself, but when he persisted granted Hawkins' counsel leave to withdraw. The magistrate-judge then gave Hawkins leave to add any claims but when he added none, denied Hawkins' federal petition. The dismissed petition contained neither of the two claims now asserted. We affirmed. Hawkins v. Lynaugh, 844 F.2d 1132 (5th Cir. 1988). The Supreme Court denied certiorari, 488 U.S. 900 (1988).

---

[1]The court initially remanded for a competency hearing, but Hawkins expressly waived the issue and the Texas Court of Criminal Appeals accepted the waiver.

After some confusion over who represented Hawkins, two lawyers filed another state petition with the state trial court on December 5, 1988, and four days later the Texas Court of Criminal Appeals denied relief. The present petition was then filed in federal court on December 9, 1988. The district court, after some initial confusion, denied a stay of the then scheduled execution and denied a certificate of probable cause. We in turn refused a certificate of probable cause and denied a stay. We did not rest on writ abuse, finding instead that the Penry claim lacked sufficient merit under circuit law to warrant a certificate of probable cause. We declined to foot our ruling on abuse of the writ, because we were then unsure of the legal effect of Hawkins' sometimes pro se status in pursuit of collateral review. Hawkins v. Lynaugh, 862 F.2d 487 (5th Cir. 1988). The Supreme Court vacated and remanded for reconsideration in light of Selvage v. Collins, 494 U.S. 1013, 110 S. Ct. 1313 (1990) and Penry v. Lynaugh, 492 U.S. 302, 109 S. Ct. 2934 (1989). On April 2, 1990, we stayed proceedings pending answer to the question we certified to the Texas Court of Criminal Appeals in Selvage. We then ordered further briefing on April 29, 1992 and have received those briefs.

At trial, the jury heard evidence regarding Hawkins' psychological and emotional difficulties. Dr Hugh Pennal, a psychiatrist, related Hawkins' social history. Pennal related that Hawkins' father was a minister who beat him and taught him to hate white people and to strike at them through their "women". A clinical psychologist testified that Hawkins suffered a severe

3

mental disorder, including delusions about oppressed blacks and that at times in his life Hawkins had been insane. There was additional evidence of Hawkins' sexual urges, his anger and feelings of inferiority. Hawkins also contends that there was additional evidence that might have been offered at trial if there were a means for the jury to give it expression without condemning Hawkins with the same evidence in answering the questions of future dangerousness and deliberateness.

## III

Any promise of the Supreme Court's remand in Selvage, and the later answer by the Texas Court of Criminal Appeals that Texas would not insist on a contemporaneous objection, has proved empty to petitioners such as Hawkins who fail to assert any Penry claim in their first federal petition. As we explained in Selvage v. Collins, 972 F.2d 101, 103 (5th Cir. 1992), "We recognize that in practical terms this means that federal courts will not entertain "Penry" error in a successive federal writ. This is the direct sum of McCleskey and Sawyer." Finally, we have since answered the question of the knowledge chargeable to an unrepresented habeas petitioner in favor of the state. Saahir v. Collins, 956 F.2d 115, 118 (5th Cir. 1992) ("McCleskey `knew or reasonably should have known' standard for cause applies irrespective of whether he was represented by counsel when he filed any previous petitions.")

We are offered no sufficient legal cause for Hawkins' failure to assert his present claims in his earlier petitions; controlling precedent requires that we affirm the district court's denial of

4

relief.  Our stay is vacated and a certificate of probable cause is DENIED.