NO. 07-09-0116-CR

 

IN
THE COURT OF APPEALS

 

FOR
THE SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL
E

 

 MARCH 31, 2010



 



 

   DANNY LEE WARD,  

 

                                                                                         Appellant


v.

 

THE STATE OF
TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 251st DISTRICT
COURT OF RANDALL COUNTY;

 

NO. 20297-C; HONORABLE
ANA ESTEVEZ, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., HANCOCK,
J., and BOYD, S.J.[1]

            In
three points of asserted error, appellant Danny Lee Ward argues his convictions
of one count of robbery and one count of aggravated robbery must be
reversed.  In his points, he reasons: 1)
the trial court erred in allowing his common law wife to testify; 2) the
evidence is legally and factually insufficient to support the conviction of
aggravated robbery; and 3) he received an excessive sentence on the charge of
aggravated robbery because the trial court failed to make a requisite
enhancement finding.  Disagreeing that
reversal is required, we affirm the trial court’s
judgment.

Factual Background

            Trial
testimony revealed that in August of 2008, Loretta Robinson rented a house from
Glenna and Johnnie Lowrance.  At the time they rented the house to Robinson,
the Lowrances knew that appellant would be living in
the house with her.   On November 4,
2008, when the Lowrances went to the house to collect the November rent,
Robinson gave a money order in the amount of $750.  Glenna then informed Robinson that she was
giving her 30 days notice to vacate the property.[2]  Appellant became angry and informed the
Lowrances that “[n]o one is getting out of the house until I get the
money.”  Glenna refused to go cash the
money order.  With a knife in his hand, appellant
knocked Johnnie to the ground.  When
Johnnie got to his feet, appellant pushed him down again, which caused Johnnie
to hit his head against a brick planter. 
As Glenna took out her cell phone to call 911, appellant shoved a chair
into her and she dropped the telephone.  Appellant
then pulled Glenna’s purse away from her which caused the purse strap to
break.  He searched the purse in an
effort to locate the money order, and after not finding it, he searched
Glenna’s pockets and eventually found it. 
He then allowed the Lowrances to leave. 
These are the facts underlying the jury’s verdict.

First Issue 

            Appellant
argues the testimony of Robinson was sufficient to show that she was his common
law wife and thus entitled to claim a marital privilege against testifying
against him.  See Tex. R. Evid. 504.  That
being so, he claims he was entitled to have the question of whether a common
law marriage existed submitted to the trial jury.

            Questions
concerning the existence of a privilege generally are to be determined by the
court.  Tex. R. Evid. 104(a).  Where, as here, the trial court’s decision
turns upon the credibility and demeanor of a witness, we review its decision in
a light most favorable to its ruling.  Jasper v. State, 61 S.W.3d 413, 419
(Tex. Crim. App. 2001).  The burden was
upon appellant to establish that he and Robinson were married.  Freeman
v. State, 230 S.W.3d 392, 402 (Tex. App.–Eastland 2007, pet. ref’d).  In order to do so, appellant needed to show
that 1) they had agreed to be married, 2) they lived together after the
agreement, and 3) they represented to others that they were married.  Jasper v. State, 61 S.W.3d at 419; Colburn v. State, 966 S.W. 2d 511, 514 (Tex. Crim. App. 1998).

            Robinson
averred that she and appellant had an agreement to be married and that for the
past six years they had represented to others that they were married, including
to co-workers and family.  She also
averred that she had told the Lowrances that she and appellant had a common law
marriage, and, on November 11, 2008, she had told Detective Vogel that she was
common law married.  Nevertheless,  in  her
handwritten sworn statement to police, she had only referred to appellant as
her “boyfriend.”

When further
queried about the matter, she opined that a boyfriend was “just somebody that
is around you part of the time.”  A
common law husband, according to her, is “someone that is with you for a long
time, that helps you take care of your household and family,” which, she said,
appellant had done.  Even so, they did
not have a joint bank account, they had not taken a loan together, they did not
own any real property together, she did not believe they had bought or rented
any furniture together as husband and wife, they each owned a separate vehicle,
and she had last filed her income tax return as a single person.

            Although
the evidence was sufficient to raise a fact question as to the existence of a
common law marriage, we cannot say that the trial court’s resolution of that
question was erroneous.  See Freeman v. State, 230 S.W.3d at 402-03;
Welch v. State, 908 S.W.2d 258, 265
(Tex. App.–El Paso 1995, no pet.). 
Appellant’s first point is overruled.

                                                                Second Issue

            Appellant
next argues the evidence is not sufficient to sustain his conviction for
aggravated robbery.  In doing so, he
primarily contends the evidence is not sufficient to show that the knife
allegedly used was a deadly weapon.

            A
person commits the offense of aggravated robbery if he commits a robbery and
uses or exhibits a deadly weapon in the course of doing so.  See Tex.
Penal Code Ann. §29.03(a)(2)
(Vernon 2003).  A knife is not a deadly
weapon per se but can be one if the
actor intends to use it in a way in which it would be capable of causing death
or serious bodily injury.  McCain v. State, 22 S.W.3d 497, 502-03  (Tex. Crim. App.
2000).  A serious bodily injury is one
that creates a substantial risk of death or that causes death, serious
permanent disfigurement, or protracted loss or impairment of the function of
any bodily member or organ.  Tex. Penal
Code Ann. §1.07(a)(46) (Vernon Supp. 2009).   Factors to be considered in making the
determination whether a knife is a deadly weapon include the proximity of the
parties, threats or words used by the defendant, the size, shape and sharpness
of the knife, the manner in which it was used, and the wounds inflicted, if
any.  Brown
v. State,  716 S.W.2d 939, 946 (Tex.
Crim. App. 1986).

            Glenna
testified that appellant had threatened that no one could leave until he got
the money.  She also said that appellant
had a kitchen “steak” knife about three inches long in his hand just before
pushing her  husband  to the floor and she was afraid  that appellant was going to stab him.  Johnnie, her husband,  also described the knife as a “steak”
knife, although he only saw it after he had been pushed into the brick planter.

            Robinson
also corroborated that the knife was a “steak” knife and was held by appellant
in his hand as he argued with the Lowrances. 
Although no one was actually cut with the knife and she said it was
pointed toward the ground, Robinson agreed that it was sharp enough to cut a
thick piece of meat and had a sharp pointed end. 

            The
mere fact that a knife was brandished and placed a person in fear is not
enough.  In re J.A.W., 108 S.W.3d 573, 576 (Tex. App.–Amarillo 2003, no
pet.). 
However, in this case, there was testimony that in addition to the
knife being held by appellant, that holding was combined with a verbal threat,
there was physical violence, there was close proximity, and there was a
description of the knife as being sharp, pointed, and capable of cutting a
thick piece of meat.  The evidence was
sufficient to support a jury conclusion that the knife was used in a manner
that was capable of causing death or serious bodily injury.  See
Billey v. State, 805 S.W.2d 417, 422-23 (Tex. App.–Amarillo 1995, pet. ref’d) (evidence that the defendant exposed a concealed
knife in response to a question as to whether he was kidding when he demanded
money, placed his hand on the handle and partially withdrew a knife with a
shiny silver blade, and was in close proximity to the victim who could estimate
the length and shape of the knife and its capacity to inflict death or serious
bodily injury, was sufficient to show an implied threat that the knife would be
used if the money was not given).  The
jury finding here is not so against the great weight of the evidence as to
undermine our confidence in it. 
Accordingly, we hold the evidence is legally and factually sufficient to
sustain the conviction.

                                                                  Third Issue

            Appellant
finally contends that his sentence of twenty-three years confinement for the
conviction of aggravated robbery was excessive because the trial court did not
make a finding on the enhancement paragraph in count one of the indictment.  In
considering that argument, we note the record does not show that at the time it
was pronounced, appellant made any objection to the sentence.  Such a failure to object generally waives any
error on appeal.  Mercado v. State, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986).  Even so, a sentence that is void for being
outside the range of punishment may be addressed at any time, even sua sponte.   Baker
v. State, 278 S.W.3d 923, 926 (Tex. App.–Houston [14th Dist.] 2009,
pet. ref’d).  Aggravated robbery is a
first degree felony. See Tex. Penal
Code Ann. §29.03(b) (Vernon 2003).  The
range of punishment for a first degree felony is for life or any term of not
more than 99 or less than five years.  Tex. Penal Code Ann. §12.32(a) (Vernon Supp. 2009).  Thus, the sentence assessed was within the
permissible range of punishment even without an enhancement.

            Moreover,
although appellant contends that his last “effective” plea to the enhancement
paragraph was “not true,” after that plea was taken and a recess was held,
appellant’s counsel represented to the trial court that “[w]e are pleading true
to those, Your Honor, this morning.”  In
response, the court stated, “. . . I will accept your plea of true . . .”  Accordingly, we must, and do hereby, overrule
this issue.

            In
sum, all of appellant’s points are overruled and the judgment of the trial
court is affirmed.

 

                                                                                    John
T. Boyd

                                                                                  Senior Justice

 

Do not
publish.











[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of
Appeals, sitting by assignment.  Tex. Gov=t Code
Ann. '75.002(a)(1) (Vernon 2005). 

 





[2]Glenna
was unhappy because Robinson had acquired a dog without notifying her, had
never turned on the gas in the house, and had waited a month to notify her of a
water leak.