NO. 07-09-0116-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 31, 2010

_____

DANNY LEE WARD,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 251st DISTRICT COURT OF RANDALL COUNTY;

NO. 20297-C; HONORABLE ANA ESTEVEZ, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]

In three points of asserted error, appellant Danny Lee Ward argues his convictions of one count of robbery and one count of aggravated robbery must be reversed. In his points, he reasons: 1) the trial court erred in allowing his common law wife to testify; 2) the evidence is legally and factually insufficient to support the conviction of aggravated robbery; and 3) he received an excessive sentence on the

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).

charge of aggravated robbery because the trial court failed to make a requisite enhancement finding. Disagreeing that reversal is required, we affirm the trial court's judgment.

## Factual Background

Trial testimony revealed that in August of 2008, Loretta Robinson rented a house from Glenna and Johnnie Lowrance. At the time they rented the house to Robinson, the Lowrances knew that appellant would be living in the house with her. On November 4, 2008, when the Lowrances went to the house to collect the November rent, Robinson gave a money order in the amount of $750. Glenna then informed Robinson that she was giving her 30 days notice to vacate the property.[2] Appellant became angry and informed the Lowrances that "[n]o one is getting out of the house until I get the money." Glenna refused to go cash the money order. With a knife in his hand, appellant knocked Johnnie to the ground. When Johnnie got to his feet, appellant pushed him down again, which caused Johnnie to hit his head against a brick planter. As Glenna took out her cell phone to call 911, appellant shoved a chair into her and she dropped the telephone. Appellant then pulled Glenna's purse away from her which caused the purse strap to break. He searched the purse in an effort to locate the money order, and after not finding it, he searched Glenna's pockets and eventually found it. He then allowed the Lowrances to leave. These are the facts underlying the jury's verdict.

## First Issue

Appellant argues the testimony of Robinson was sufficient to show that she was his common law wife and thus entitled to claim a marital privilege against testifying

---

[2]Glenna was unhappy because Robinson had acquired a dog without notifying her, had never turned on the gas in the house, and had waited a month to notify her of a water leak.

against him. *See* Tex. R. Evid. 504. That being so, he claims he was entitled to have the question of whether a common law marriage existed submitted to the trial jury.

Questions concerning the existence of a privilege generally are to be determined by the court. Tex. R. Evid. 104(a). Where, as here, the trial court's decision turns upon the credibility and demeanor of a witness, we review its decision in a light most favorable to its ruling. *Jasper v. State*, 61 S.W.3d 413, 419 (Tex. Crim. App. 2001). The burden was upon appellant to establish that he and Robinson were married. *Freeman v. State*, 230 S.W.3d 392, 402 (Tex. App.–Eastland 2007, pet. ref'd). In order to do so, appellant needed to show that 1) they had agreed to be married, 2) they lived together after the agreement, and 3) they represented to others that they were married. *Jasper v. State*, 61 S.W.3d at 419; *Colburn v. State*, 966 S.W. 2d 511, 514 (Tex. Crim. App. 1998).

Robinson averred that she and appellant had an agreement to be married and that for the past six years they had represented to others that they were married, including to co-workers and family. She also averred that she had told the Lowrances that she and appellant had a common law marriage, and, on November 11, 2008, she had told Detective Vogel that she was common law married. Nevertheless, in her handwritten sworn statement to police, she had only referred to appellant as her "boyfriend."

When further queried about the matter, she opined that a boyfriend was "just somebody that is around you part of the time." A common law husband, according to her, is "someone that is with you for a long time, that helps you take care of your household and family," which, she said, appellant had done. Even so, they did not have

3

a joint bank account, they had not taken a loan together, they did not own any real property together, she did not believe they had bought or rented any furniture together as husband and wife, they each owned a separate vehicle, and she had last filed her income tax return as a single person.

Although the evidence was sufficient to raise a fact question as to the existence of a common law marriage, we cannot say that the trial court's resolution of that question was erroneous. See *Freeman v. State*, 230 S.W.3d at 402-03; *Welch v. State*, 908 S.W.2d 258, 265 (Tex. App.–El Paso 1995, no pet.). Appellant's first point is overruled.

### Second Issue

Appellant next argues the evidence is not sufficient to sustain his conviction for aggravated robbery. In doing so, he primarily contends the evidence is not sufficient to show that the knife allegedly used was a deadly weapon.

A person commits the offense of aggravated robbery if he commits a robbery and uses or exhibits a deadly weapon in the course of doing so. *See* Tex. Penal Code Ann. §29.03(a)(2) (Vernon 2003). A knife is not a deadly weapon *per se* but can be one if the actor intends to use it in a way in which it would be capable of causing death or serious bodily injury. *McCain v. State*, 22 S.W.3d 497, 502-03 (Tex. Crim. App. 2000). A serious bodily injury is one that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. Tex. Penal Code Ann. §1.07(a)(46) (Vernon Supp. 2009). Factors to be considered in making the determination whether a knife is a deadly weapon include the proximity of the parties, threats or words used by the defendant, the

size, shape and sharpness of the knife, the manner in which it was used, and the wounds inflicted, if any. *Brown v. State*, 716 S.W.2d 939, 946 (Tex. Crim. App. 1986).

Glenna testified that appellant had threatened that no one could leave until he got the money. She also said that appellant had a kitchen "steak" knife about three inches long in his hand just before pushing her husband to the floor and she was afraid that appellant was going to stab him. Johnnie, her husband, also described the knife as a "steak" knife, although he only saw it after he had been pushed into the brick planter.

Robinson also corroborated that the knife was a "steak" knife and was held by appellant in his hand as he argued with the Lowrances. Although no one was actually cut with the knife and she said it was pointed toward the ground, Robinson agreed that it was sharp enough to cut a thick piece of meat and had a sharp pointed end.

The mere fact that a knife was brandished and placed a person in fear is not enough. *In re J.A.W.,* 108 S.W.3d 573, 576 (Tex. App.–Amarillo 2003, no pet.). However, in this case, there was testimony that in addition to the knife being held by appellant, that holding was combined with a verbal threat, there was physical violence, there was close proximity, and there was a description of the knife as being sharp, pointed, and capable of cutting a thick piece of meat. The evidence was sufficient to support a jury conclusion that the knife was used in a manner that was capable of causing death or serious bodily injury. *See Billey v. State,* 805 S.W.2d 417, 422-23 (Tex. App.–Amarillo 1995, pet. ref'd) (evidence that the defendant exposed a concealed knife in response to a question as to whether he was kidding when he demanded money, placed his hand on the handle and partially withdrew a knife with a shiny silver

5

blade, and was in close proximity to the victim who could estimate the length and shape of the knife and its capacity to inflict death or serious bodily injury, was sufficient to show an implied threat that the knife would be used if the money was not given). The jury finding here is not so against the great weight of the evidence as to undermine our confidence in it. Accordingly, we hold the evidence is legally and factually sufficient to sustain the conviction.

Third Issue

Appellant finally contends that his sentence of twenty-three years confinement for the conviction of aggravated robbery was excessive because the trial court did not make a finding on the enhancement paragraph in count one of the indictment. In considering that argument, we note the record does not show that at the time it was pronounced, appellant made any objection to the sentence. Such a failure to object generally waives any error on appeal. *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986). Even so, a sentence that is void for being outside the range of punishment may be addressed at any time, even *sua sponte*. *Baker v. State*, 278 S.W.3d 923, 926 (Tex. App.–Houston [14th Dist.] 2009, pet. ref'd). Aggravated robbery is a first degree felony. *See* Tex. Penal Code Ann. §29.03(b) (Vernon 2003). The range of punishment for a first degree felony is for life or any term of not more than 99 or less than five years. Tex. Penal Code Ann. §12.32(a) (Vernon Supp. 2009). Thus, the sentence assessed was within the permissible range of punishment even without an enhancement.

Moreover, although appellant contends that his last "effective" plea to the enhancement paragraph was "not true," after that plea was taken and a recess was

held, appellant's counsel represented to the trial court that "[w]e are pleading true to those, Your Honor, this morning." In response, the court stated, ". . . I will accept your plea of true . . ." Accordingly, we must, and do hereby, overrule this issue.

In sum, all of appellant's points are overruled and the judgment of the trial court is affirmed.


John T. Boyd
Senior Justice

Do not publish.